### Roswell Enos v. John E. Sutherland and another.

Where land is conveyed by a debtor to his creditor, and an instrument given back which shows that the land is to be reconveyed on payment of the debt, such instrument cannot be regarded as an agreement for the sale of the land, but the transaction is plainly a conveyance of the land as security for the debt—in other words, a mortgage.

ENOS v. SUTHERLAND.

To such an instrument of defeasance a seal is not essential.

If the grantee in such a deed conveys the property to a bona fide purchaser, he must account for it to the grantor at its value at the time of the sale, whether he received that amount or not.

Where after the death of the grantor in such a case his administrator filed a bill in chancery for redemption, not making the heirs parties, and objection was for the first time taken at the hearing on pleadings and proofs that the heirs were necessary parties complainant; it was held, that as a decree in the case would in no way operate to the prejudice of the heirs, and the administrator, under the statute, had such an interest in the real estate as entitled him to redeem, and complete justice could be done to the parties in the case as it stood, the objection was not well taken.

*Heard July 17th. Decided October 20th.*

Appeal in chancery from Berrien Circuit. The case is stated in the opinion.

*F. Muzzy*, for complainant:

1. The transaction amounted to a mortgage of the land as security for the debt:— 2 *Lead. Cas. in Eq. pt.* 2, *p.* 432; 9 *Wend.* 227; 4 *Johns. Ch.* 167; 24 *Me.* 185; 4 *Pick.* 349; 5 *Paige*, 9; 3 *Mich.* 482.

2. The bill to redeem was properly filed by the administrator:—8 *Met.* 36; *Comp. L.* §§ 2903, 2904, 3038, 2913; 1 *Kern.* 237; 2 *Hill*, 181.

3. The want of proper parties is not a sufficient ground for dismissing the bill, unless it is manifest that a decree can not be made without such parties: — 3 *Cranch*, 220; 4 *Vt.* 178; 5 *Paige*, 172.

*D. A. Winslow*, for defendants:

The administrator could not file a bill to redeem in his own name:— 2 *Barb. Ch. Pr.* 193–4; *Little v. Lesia*, 5 *Mich.* 119.

The instrument given to Joseph Enos was not a defeasance, as it contained no proper words of defeasance. And a seal and the other requisites of a deed would be necessary to render it valid:— *Comp. L.* §§ 2720, 2727. It can at best only be treated as a parol defeasance; and as such is void.

But that it was not intended as a defeasance fully appears. It was a conditional sale of the land, and can not be treated as a mortgage:—4 *Kent*, 143; *Swetland v. Swetland*, 3 *Mich.* 491–8.

CAMPBELL J.:

Complainant as administrator of the estate of Joseph Enos, deceased, filed his bill to redeem certain premises from an alleged mortgage, given by his intestate to defendants as partners under the name of. J. E. Sutherland & Co. The bill alleged that Joseph Enos made an absolute deed to defendants, who gave him back a defeasance of the following tenor:

"Bond of J. E. Sutherland & Co., to Joseph Enos. The conditions of this bond are as follows: That whereas, said Joseph Enos is indebted on settlement to J. E. Sutherland & Co., at this date, the amount of two hundred and seventy dollars, and a further sum to the amount of one hundred and forty dollars in cash furnished, and the consideration therefor, for the purpose of going to California, making in all the amount of four hundred and ten dollars, which amount is embraced in a certain deed of same date of this instrument, in favor of J. E. Sutherland & Co., and signed by Joseph Enos and his wife Lucy Enos, covering the following described parcels of land, viz: [Here follows description.]

"The final conditions are, that said Joseph Enos is to pay to said J. E. Sutherland & Co. the full sum of two hundred and seventy dollars, with lawful interest from date, on or before the first day of April, eighteen hundred and fifty-two, and the full sum of one hundred and forty dollars, without interest, within the same time, which amounts, if well and truly paid, all within the time as above specified, then the said J. E. Sutherland & Co. are to deed back to said Joseph Enos, or his heirs, our entire right and interest in said lands above described. But in case

said amounts as named are not thus paid, then this instrument to be void.

J. E. SUTHERLAND & Co."

The bill further alleged that defendants had sold a portion of the premises to an innocent purchaser, and that the value of the premises sold exceeded the amount of the debt. These allegations were fully made out by the proofs, and the Court below decreed a release of the unsold premises, and a personal judgment for the value beyond the amount of the mortgage debt.

It was claimed on behalf of the defense that the defeasance was invalid, or, if valid, that it showed the transaction to be an agreement for a re-sale, and not a mortgage. The instrument shows that the land was to be reconveyed on payment of an existing debt with interest. It is so plainly an instrument for securing a recognized indebtedness that there is no rule which can authorize us to treat it as anything but a landed security, or, in other words, a mortgage. It is in the commonest form of a separate defeasance as familiarly resorted to in practice. Neither is it open to any question under the Statute of Frauds. That does not require *executory contracts* to be under seal, but requires deeds only where trusts or powers, or estates in land, are created or assigned:— *Comp. L.* §§ 3177, 3179. We are aware of no authorities which require of defeasances any formalities not necessary in executory contracts for the sale of real estate. The recording statutes for the protection of purchasers refer expressly to other instruments of defeasance than "deeds," as entitled to be registered. *Comp. L.* § 2751.

It is also claimed that the suit is improperly brought by the administrator, and that the heirs should have been made parties. Whether in such cases the heirs are ever necessary parties under our system, where the bill is filed for redemption, or to remove an alleged cloud in the shape of an undischarged mortgage, it is not now important to

examine. The objection was not taken until the hearing, and the facts are such that the decree made upon them in no way operates to the prejudice of the heirs, and leaves their title unimpaired. They are not called upon to execute any releases or conveyances, and no good purpose can now be subserved by bringing them in. The administrator, being entitled under the statute to the possession of the lands of his intestate, has such an interest as entitles him to redeem, or to compel a release of a satisfied mortgage; and if the heirs would have been proper parties, the decree is nevertheless valid, inasmuch as it does complete justice as it stands, provided it is sustained by the proofs.

We think the evidence fully sustains the decree. Defendants, in violation of their duty, disposed of a portion of the lands to an innocent purchaser. They are bound to account for the full value of the lands sold, whether they received that value or not. The Court below charged them with the value at the time of sale. We think the amount was correctly fixed by the decree.

Upon a review of the whole case we see no error in the conclusions of law or of fact, and think the decree should be affirmed, with costs.

MARTIN CH. J. and MANNING J. concurred.

CHRISTIANCY J. did not hear the argument.