## VAN DUSEN *v.* WORRELL.

### March, 1867.

An action lies by the receiver of the property of the grantor in a warrantee deed, against the grantee in such deed, to prove that the deed, though absolute in its terms, was in fact a security in the nature of a mortgage.*

In such an action the plaintiff may recover the price for which the grantee has sold the land, deducting the amount due the grantee, and a reasonable compensation for his trouble in effecting a sale.

Charles H. Van Dusen, as receiver of Philo Haskins, sued Daniel Worrell, to recover the proceeds of the sale of certain lands, or of the value thereof, with certain deductions, on the ground that the lands were conveyed to the defendant by way of mortgage for the security of a debt.

---

* Followed in Stoddard *v.* Whiting, 46 *N. Y.* 627.

The facts were these: On June 17, 1846, Philo Haskins, the owner of land, executed to the defendant and one Joshua Worrell, his mortgage on the same, as collateral to secure a bond for two hundred dollars. On January 21, 1846, Joshua assigned his interest in the bond and mortgage to defendant. On that day defendant lent to Haskins a further sum of three hundred dollars, and Haskins and wife executed to him a warranty deed of the land. This deed was given as security for the three hundred dollars then loaned, and for the amount remaining unpaid on the bond and mortgage before mentioned. Defendant and his wife afterward sold the premises to Wm. B. Follett for the sum of one thousand four hundred dollars. This action is brought asking a judgment that Worrell was a trustee of Haskins for the balance, after deducting the three hundred dollars loaned, the amount due on the bond and mortgage, with a reasonable compensation for the trouble of the defendant, and that he be directed to pay over such balance. The referee found a balance of one thousand two hundred and twelve dollars to be due the plaintiff as receiver of Haskins, for which he rendered judgment in his favor, and the supreme court affirmed his judgment. Defendant appealed.

*P. L. Ely*, attorney for defendant, appellant;—Cited 2 *Story Eq. Jur.* § 1531; Stevens *v.* Cooper, 1 *Johns. Ch.* 425; Movan *v.* Hays, *Id.* 339; Meads *v.* Lansing, 1 *Hopk. Ch.* 124; Russell *v.* Kinney, 1 *Sandf. Ch.* 34; Cook *v.* Eaton, 16 *Barb.* 439; Webb *v.* Rice, 6 *Hill*, 219; Sturtevant *v.* Sturtevant, 20 *N. Y.* 39.

*John T. Murray*, for plaintiff, respondent.

HUNT, J. [After stating the facts]—But a single question is presented for our consideration, to wit, was it competent for the plaintiff to prove that the deed from Haskins to Worrell, although in form an absolute conveyance, was in fact, by the express agreement of the parties, a mortgage merely? This question was decided in favor of the respondent in Hodges *v.* Tennessee Marine Fire Ins. Co., 8 *N. Y.* 416, and was again

decided by this court in the same manner, in June, 1866, not yet reported, in the case of Loveridge *v.* Oyer.

Judgment should be affirmed, with ten per cent. damages.

PARKER, J.—The parol evidence admitted by the referee upon the trial, tending to show that the deed from Haskins to to the defendant was intended as a mortgage, was properly received. Hodges *v.* Tennessee Marine & Fire Ins. Co., 8 *N. Y.* 416 ; Sturtevant *v.* Sturtevant, 20 *N. Y.* 39.

The referee found the fact that it was intended as a mortgage, upon sufficient evidence. Hence his conclusion of law that the plaintiff was entitled to recover the money received by defendant upon a sale of the premises, after deducting the sums and interest which it was given to secure, and defendant's reasonable charges for effecting the sale, was one of which the defendant has no right to complain.

The judgment appealed from should be affirmed, with costs.

All the judges concurred.

Judgment affirmed, with costs, and five per cent. damages.