MARY J. MOONEY, Appellant, *v.* ANASTASIA BYRNE' et al., Respondents.

1. WHEN DEED ABSOLUTE ON ITS FACE IS A MORTGAGE AND NOT A CONDITIONAL SALE — RIGHT OF REDEMPTION.  A deed, absolute upon its face, to a mortgagee who gave back a separate defeasance agreement referring to the mortgage and bearing the same date, providing for the reconveyance of the property upon the payment of the mortgage debt and certain advances within a year, will be deemed a mortgage rather than a conditional sale, and a provision of the defeasance agreement making time of the essence thereof, is, therefore, ineffectual to cut off the right of redemption if not exercised within the time limited, where the property was worth

much more than the amount of the indebtedness and it is expressly admitted that the deed was intended as security, notwithstanding that there was no covenant to pay the debt, and that the defeasance agreement provided that it should not be recorded, and that there should not be any claim for deficiency so long as the title should not be disputed.

2. DEED GIVEN TO SECURE A DEBT IS A MORTGAGE. To prevent undue advantage through inadequacy of consideration, either with or without opportunity to repurchase, the courts are steadfast in holding that a conveyance, whatever its form, if in fact given to secure a debt, is neither an absolute nor a conditional sale, but a mortgage, and that the grantor and grantee are subject only to the rights of mortgagor and mortgagee.

3. ACTION TO REDEEM AFTER CONVEYANCE TO BONA FIDE PURCHASER. A grantor in a deed absolute upon its face, but intended as a mortgage, may maintain a suit for redemption against the grantee, or the beneficiaries under his will, if the estate has been distributed and the executor discharged, notwithstanding the land is beyond reach because it has been conveyed to a *bona fide* purchaser, and that an action to recover for money had and received would be barred by the Statute of Limitations; and the court, in order to bring about an equitable result and prevent the wrongdoer from making a profit out of his own wrong, will substitute a judgment of redemption in money, representing the value of the land at the time of the trial, for a judgment of redemption in land.

*Mooney* v. *Byrne*, 15 App. Div. 624, reversed.

(Argued March 15, 1900; decided May 1, 1900.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered March 20, 1897, affirming a judgment in favor of defendants entered upon a dismissal of the complaint by the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William S. Maddox* for appellant. The deed having been given as security only, the transaction constituted a mortgage; and this would be so even if there had been no written agreement on the part of Byrne to reconvey. (*Horn* v. *Keteltas*, 46 N. Y. 605; *Meehan* v. *Forrester*, 52 N. Y. 277; *Peugh* v. *Davis*, 96 U. S. 332.) The fact that there was no express covenant on the part of the plaintiff to repay the debt is not material as controlling the character of the transaction. (*Horn*

v. *Keteltas*, 46 N. Y. 605; *Matthews* v. *Sheehan*, 69 N. Y. 585; *Morris* v. *Budlong*, 78 N. Y. 543; *Kraemer* v. *Adelsberger*, 122 N. Y. 467; *Macauley* v. *Smith*, 132 N. Y. 524; *Hone* v. *Fisher*, 2 Barb. Ch. 559; *B. Nat. Bank* v. *Duncan*, 12 Hun, 408; *Miller* v. *McGuckin*, 15 Abb. [N. C.] 209.) The transaction being a mortgage, whatever its form, the conventional relation of mortgagor and mortgagee arose between the plaintiff and defendants' testator, regardless of any previous dealings between them. And their rights are in all respects to be governed according to that relation. (*Carr* v. *Carr*, 52 N. Y. 251; *Garnsey* v. *Rogers*, 47 N. Y. 233.) The right of redemption incident to the relation of mortgagor and mortgagee could not be barred by any agreement of the parties made at the time. (*Lawrence* v. *F. L. & T. Co*, 13 N. Y. 200; *Peugh* v. *Davis*, 96 U. S. 332; *Macauley* v. *Smith*, 132 N. Y. 524; *Clark* v. *Henry*, 2 Cow. 324; *Simon* v. *Schmidt*, 41 Hun, 318; *Hughes* v. *Harlam*, 37 App. Div. 528; 3 Pom. Eq. Juris. § 1193; Thomas on Mort. [2d ed.] § 9; *Henry* v. *Davis*, 7 Johns. Ch. 40; *Horn* v. *Keteltas*, 46 N. Y. 611.) The cause of action to redeem is not barred under the statute until the expiration of twenty years. (Code Civ. Pro. § 379; *Shriver* v. *Shriver*, 86 N. Y. 575; *Wood* v. *Baker*, 60 Hun, 337; *Campbell* v. *Ellwanger*, 81 Hun, 259; *Finn* v. *Lally*, 1 App. Div. 411; *Maurhoffer* v. *Mittnacht*, 12 Misc. Rep. 585; *Slee* v. *Manhattan Co.*, 1 Paige, 56; *Moore* v. *Cable*, 1 Johns. Ch. 385.) The action is one to redeem notwithstanding the conveyance to Walker. In such a case, as the land itself cannot be redeemed, the value of the land may be, or in other words the defendant shall account for the value, and so make restoration of the land. (*Meehan* v. *Forrester*, 52 N. Y. 277; *Miller* v. *McGuckin*, 15 Abb. [N. C.] 204; *May* v. *Le Clair*, 11 Wall. 236; *B. Nat. Bank* v. *Duncan*, 12 Hun, 405; *Van Dusen* v. *Worrell*, 4 Abb. Ct. App. Dec. 473; *Enos* v. *Sutherland*, 11 Mich. 538; *Budd* v. *Van Orden*, 33 N. J. Eq. 143; *Mandeville* v. *Avery*, 124 N. Y. 385; *Stephens* v. *Perrine*, 143 N. Y. 480.) The defendants, legatees under

the will of Byrne, would be proper parties to an action to recover this debt, and testator's personal estate in their hands is liable in this action to redeem. (*Benedict* v. *Cobb*, 17 Civ. Pro. Rep. 245; *Colgan* v. *Dunne*, 50 Hun, 443; *Meehan* v. *Forrester*, 52 N. Y. 277; Thomas on Mort. § 740; Story Eq. Pl. § 188; *Kortright* v. *Smith*, 3 Edw. Ch. 402.)

*John M. Shedd* and *W. F. Dunning* for respondents. Upon the sale of the property by Owen Byrne, in June, 1881, and the reimbursement of himself for the amount of the debt owed him by the plaintiff, the Statute of Limitations began to run, and no action can be maintained by the plaintiff more than six years, or at most ten years, thereafter. (*Mills* v. *Mills*, 115 N. Y. 80; 48 Hun, 97; *Mooney* v. *Byrne*, 1 App. Div. 316.) Owen Byrne had the right to sell the property in June, 1881. (*Mills* v. *Mills*, 115 N. Y. 80; *Horn* v. *Keteltas*, 46 N. Y. 605.) The contention that the twenty-year Statute of Limitations applies to the action for an accounting, cannot be sustained. (*Mills* v. *Mills*, 115 N. Y. 80; *Whittick* v. *Kane*, 1 Paige, 202; *Mooney* v. *Byrne*, 1 App. Div. 316.)

Vann, J. The case made by the complaint was that of a mortgagor with a right to redeem from a mortgagee or his devisees in possession. The defendants denied that there was any mortgage, alleged an absolute conveyance from the plaintiff to one Owen Byrne, and a subsequent conveyance from the latter to a *bona fide* purchaser. They also pleaded the Statute of Limitations and specified the period of six and ten years as the limit exceeded by the plaintiff in bringing her action.

The facts agreed upon by the parties and admitted by the pleadings are in substance as follows : On the 14th of August, 1878, the plaintiff owned and was in possession of a parcel of land in the city of New York worth $10,000 and upwards, and at the same time she was indebted to Owen Byrne in the sum of about $3,000, secured by three mortgages on said

premises, which were under process of foreclosure. In order
to secure the payment of this indebtedness she conveyed the
land to said Byrne at his request by a deed dated on the day
last named and duly recorded. "The said deed was given as
security" and for no other purpose. It contained full cove-
nants, subject to said mortgages, which, as it was declared,
"shall not merge in the fee, but shall remain valid and sub-
sisting liens." Said Byrne at the same time gave back a
defeasance of even date whereby he agreed to reconvey to the
plaintiff upon the payment to him, within one year, of said
indebtedness, certain advances which he agreed to make for
her benefit and the costs of the foreclosure proceedings. It
was stipulated that she should be relieved from personal liabil-
ity on the bonds and that no judgment for deficiency should
"be claimed or entered against her in any action that may be
taken upon said bonds or mortgages, so long as she and all per-
sons claiming under her shall not dispute or contest the title
of the" said Byrne "or his assigns to said mortgaged prem-
ises or the amounts due him on said mortgages. *   *   *"
Said instrument also provided "that as to the agreement by
the" said Byrne "to reconvey said premises, time is of the
essence thereof, and, further, that this instrument shall not be
recorded by or on behalf of the" plaintiff, "and that for a
violation of this provision, this agreement, so far as the same
provides for such reconveyance, shall thereupon become
utterly null and void." The defeasance was never recorded.

Said Byrne at once took possession of the premises and
remained in possession thereof until the 13th of June, 1881,
when he conveyed to one Walker by a deed duly recorded,
but "said conveyance was made without the consent of the
plaintiff, who had no knowledge of it until this action was
begun" on the 7th of March, 1895. Said Byrne died on the
11th of January, 1889, leaving a will by which he gave all
his property, real and personal, to the defendants. His execu-
tor accounted and has been discharged, and the property of
the testator has been delivered to the defendants. The plain-
tiff claimed that the rents and profits of the premises received

by Byrne amounted to more than the principal and interest of the debt secured.   She alleged in her complaint that if Byrne had conveyed the premises to any one, such conveyance was made without her knowledge or consent.   She demanded an accounting as to the amount due from her, and that she might " be at liberty to redeem said mortgaged premises upon payment of whatever may upon such accounting be found due, which this plaintiff hereby offers to pay," and that the defendants be compelled to convey said premises to her.   She also demanded alternative and general relief.   Said Walker, who still owns the premises, was not made a party to the action. The trial judge dismissed the complaint upon the ground that " the statute of limitations is a conclusive defense," and the Appellate Division affirmed, on an opinion rendered in overruling a demurrer to the answer, when the case was in the first department.   (15 App. Div. 624 ; 1 id. 316.)

The facts agreed upon show that there was a mortgage ; for a deed, although absolute on its face, when given as security only, is a mortgage by operation of law.   (*Horn* v. *Keteltas*, 46 N. Y. 605 ;   *Meehan* v. *Forrester*, 52 N. Y. 277 ;   *Odell* v. *Montross*, 68 N. Y. 499 ;   *Barry* v. *Hamburg-Bremen Fire Ins. Co.*, 110 N. Y. 1, 5 ;   *Kraemer* v. *Adelsberger*, 122 N. Y. 467 ;   *Macauley* v. *Smith*, 132 N. Y. 524 ;   15 Am. & Eng. Encyc. 791 ;   1 R. S. 756, sec. 3 ;   Laws 1896, ch. 547, sec. 269.) While there was no covenant to pay the debt, none was needed, for the property was worth much more than the amount of the indebtedness and the mortgagee could safely confine his remedy to the land.   (1 R. S. 739.)   The absence of such a covenant, the conditional release of any claim for deficiency, and the agreement not to record the defeasance, are of no importance in view of the express admission that the deed was given as security.   The deed and defeasance were executed at the same time, and, as the latter in express terms refers to the former, they must be construed the same as if both were embodied in a single instrument.   When read together in the light of the admission that the object was to secure a debt, it is clear that the transaction was not a condi-

tional sale and that the covenant making time the essence of the contract to reconvey has no more effect than if it occurred in the defeasance clause of an ordinary mortgage. An instrument executed simply as security cannot be turned into a conditional sale by the form of a covenant to reconvey, and even if there was a doubt as to the meaning the contract would be regarded as a mortgage, so as to avoid a forfeiture, which the law abhors. (*Matthews* v. *Sheehan*, 69 N. Y. 585.) As was said by the Supreme Court of the United States : " It is an established doctrine that a court of equity will treat a deed, absolute in form, as a mortgage, when it is executed as security for a loan of money. That court looks beyond the terms of the instrument to the real transaction, and when it is shown to be one of security, and not of sale, it will give effect to the actual contract of the parties. * * * It is also an established doctrine that an equity of redemption is inseparably connected with a mortgage ; that is to say, so long as the instrument is one of security, the borrower has, in a court of equity, a right to redeem the property upon payment of the loan. This right cannot be waived or abandoned by any stipulation of the parties made at the time, even if embodied in the mortgage. This is a doctrine from which a court of equity never deviates." (*Peugh* v. *Davis*, 96 U. S. 332, 336.)

The right to redeem is an essential part of a mortgage, read in by the law if not inserted by the parties. Although many attempts have been made, no form of covenant has yet been devised that will cut off the right of a mortgagor to redeem, even after the law day has long passed by. (*Clark* v. *Henry*, 2 Cow. 324, 331 ; Jones on Mortgages, sec. 1039.) Even an express stipulation not to redeem does not prevent redemption, because the right is created by law. For the same reason an express power to sell at private sale after default is of no effect. " If," said Chancellor KENT, " a freehold estate be held by way of mortgage for a debt, then it may be laid down as an invariable rule that the creditor must first obtain a decree for a sale under a bill of foreclosure. There never was an instance in which the creditor, holding land in pledge,

was allowed to sell at his own will and pleasure. It would open the door to the most shameful imposition and abuse." (*Hart* v. *Ten Eyck*, 2 Johns. Ch. 62, 100.) The utmost effect claimed for the provision that the defeasance was not to be recorded is that it was a consent to a private sale after default. As was well said by a recent writer: " If the instrument is in its essence a mortgage, the parties cannot by any stipulation, · however express and positive, render it anything but a mortgage, or deprive it of the essential attributes belonging to a mortgage in equity. The debtor or mortgagor cannot, in the inception of the instrument, as a part of or collateral to its execution, in any manner deprive himself of his equitable right to come in after a default in paying the money at the stipulated time, and to pay the debt and interest, and thereby to redeem the land from the lien and incumbrance of the mortgage; the equitable right of redemption, after a default, is preserved, remains in full force, and will be protected and enforced by a court of equity, no matter what stipulations the parties may have made in the original transaction purporting to cut off this right." (3 Pomeroy's Eq. Jur. sec. 1193.) So Mr. Thomas says that " it was a bold but necessary decision of equity that a debtor could not, even by the most solemn engagements entered into at the time of the loan, preclude himself from his right to redeem." (Thomas on Mortgages, sec. 9.)

To prevent undue advantage through inadequacy of consideration, either with or without an opportunity to repurchase, the courts are steadfast in holding that a conveyance, whatever its form, if in fact given to secure a debt, is neither an absolute nor a conditional sale, but a mortgage, and that the grantor and grantee have merely the rights and are subject only to the obligations of mortgagor and mortgagee. (*Lawrence* v. *Farmers' L. & T. Co.*, 13 N. Y. 200.) In the case before us there was no purchase of the land by Owen Byrne, for the existing relation of debtor and creditor between himself and the plaintiff was not ended, but was continued by a contract intended to secure the old debt, together with some

further advances. He had a lien on, but no estate in, the land. (*Thorn* v. *Sutherland*, 123 N. Y. 236 ; *Hubbell* v. *Moulson*, 53 N. Y. 225, 228.) She had the right to redeem and he the right to hold the land until she redeemed, or her right of redemption was cut off by the judgment of a court of competent jurisdiction. The continued existence of the debt is the birthmark of a mortgage, and that is involved in the concession that the land was conveyed as security. The passing of the law day did not extinguish her right, for " once a mortgage always a mortgage " is a maxim so sound and ancient as to be a rule of property. As the deed was a mortgage when given, it did not cease to be a mortgage after the period of redemption had expired. In *Macauley* v. *Smith* (*supra*) it was held that the surrender of possession by the grantor to the grantee, after the debt became due, did not prevent the levy of an attachment, issued in behalf of creditors of the former, upon lands conveyed to the latter as security.

The plaintiff, therefore, is a mortgagor, whose right to redeem from the mortgagee in possession has not been cut off nor cut down by any act or omission on her part. As the defendants stand in the shoes of Owen Byrne, with no rights except by way of gift under his will, the case is the same in principle as if he were living and the sole defendant. After the plaintiff had established her right to redeem, as to him, what answer could he make thereto ? Would it be an answer for him to say, " I have conveyed the lands away, and, therefore, you cannot redeem ? " While this would be a conclusive answer in behalf of Walker, the present owner of the land, if he had been made a party and the right to redeem had been asserted against him, can Owen Byrne or his devisees say that, by his wrongful act in conveying the land, he deprived the plaintiff of the right to redeem, in any form, and confined her to an action for the moneys received on the sale, to which the Statute of Limitations would be a bar ? Can a mortgagee, by his own act, without a judicial sale or the consent of the mortgagor, destroy the right to redeem, which is so carefully guarded by the courts ? The mortgagee could not, by selling

the mortgaged premises, change the rights of the plaintiff as against himself. As to him, she still has the right to redeem, for by his act, without her knowledge or consent, he could not annul his covenant to reconvey. That covenant is still in force, and the plaintiff may compel its performance, so far as the rights of third parties, acquired under the Recording Act, will permit. As Owen Byrne conveyed to a *bona fide* purchaser, the plaintiff cannot follow the land, as such, but she is not prevented by that wrongful act from any form of redemption now practicable. No act of his could utterly destroy her cause of action to redeem. He might affect its value, but he could not take its life. As a substitute for a decree requiring him to repurchase the land and convey it to her, which might be impossible and would be apt to involve hardship, she may treat the value of the land, measured in money presumed to be in his hands when her right to redeem was established, as land, and enforce the right of redemption accordingly. Unless we virtually sanction his wrongdoing by permitting him to defeat her right of redemption absolutely by his own act, upon showing a right to redeem, she must be permitted to make the best redemption possible as against him. Because he has put it out of his power to render to her all she is entitled to, he cannot refuse to make the nearest approach to it that is left. A court of equity, in order to bring about an equitable result, disregards forms and treats money as land and land as money, when required to prevent injustice. A mortgagee in possession under a recorded deed, absolute on its face, with an unrecorded defeasance, cannot sell the land and claim that the purchase price is money, as against one who has an equitable right to insist that in legal effect it is land. As the plaintiff established a right to redeem, Owen Byrne and his devisees cannot complain if, in working out the relief required by the violation of his covenant, the court does the best it can to right the wrong by treating the money as land. In order to prevent him from making a profit out of his wrong, the law raises the presumption that he now has the full value of the land as a separate fund in his hands, and

treating it as land allows the plaintiff to redeem, the same as if it were in fact land. As against the wrongdoer and his estate it will exert all its power to make the plaintiff whole, paying due regard to equities arising through improvements upon the land, so as not to give her more than she is equitably entitled to.

Thus, in *Meehan* v. *Forrester* (*supra*) the court through RAPALLO, J., said: "The sale was shown to have been made without the consent of Meehan and in violation of his rights, and it does not appear that the plaintiff ever had notice of it. He was not bound by such a sale. He was entitled to his land, on payment of the amount due to Bertine or his representatives. If Bertine, by reason of his own wrongful act, had deprived himself of the ability to restore the land to which the plaintiff is equitably entitled, he or his representatives were bound to account to the plaintiff, at his election, either for the proceeds of sale of the land, or its value at the time when the plaintiff's right to such reparation was established. (*Hart* v. *Ten Eyck*, 2 Johns. Ch. 117; *Peabody* v. *Tarbell*, 2 Cush. 227, 233; *May* v. *Le Claire*, 11 Wall. 236, 237.)"

In that case, as in this, the only cause of action alleged or proved was the right to redeem, but as the premises had been wrongfully conveyed, the plaintiff, upon establishing such right, was awarded compensation on the basis of value at the time of the trial. Compensation was allowed as an equitable substitute for actual redemption. In other words, the land which should have been conveyed was appraised by the court, and the defendant compelled to restore the amount of the appraisal, as the only method of redemption possible. The form of relief granted was a money judgment, but that was possible only because a right to redeem had been established, for without that right the relief would be limited to the proceeds of the sale. (*Baily* v. *Hornthal*, 154 N. Y. 648, 661.) So in the case at bar, the plaintiff established the same right, but the defendant showed that he had placed it beyond his power to reconvey. Thereupon in rebuttal and not as a part of her cause of action, the plaintiff had the right to prove

the present value of the land, so as to follow the money presumed to be in the defendant's hands, and redeem that which he had wrongfully substituted for the land, the same as if it were in fact land. Guided by the cardinal principle that the wrongdoer shall make nothing from his wrong, equity so moulds and applies its plastic remedies as to force from him the most complete restitution which his wrongful act will permit. (*May* v. *Le Claire*, 78 U. S. 217; *Van Dusen* v. *Worrell*, 4 Abb. Ct. App. Dec. 473; *Miller* v. *McGuckin*, 15 Abb. [N. C.] 204; *Hart* v. *Ten Eyck*, 2 Johns. Ch. 62, 108; *Enos* v. *Sutherland*, 11 Mich. 538, 542; *Budd* v. *Van Orden*, 33 N. J. Eq. 143; *S. C.*, Id. 564.) When he cannot restore the land it will compel him to restore that which stands in his hands for the land, and will not permit him to assert that it is not land when the assertion would be profitable to himself but unjust to the one whom he wronged. He cannot escape by offering to pay what he received on selling the lands, but must pay the value at the time of the trial. He cannot cut off the right of redemption and convert it into a personal liability, for he is still a mortgagee, and subject as such to the mortgagor's rights. The fact that the injured mortgagor need not take the proceeds of the sale, but may insist on the proved value of the land, as well as the pleadings and proofs, show that this is a pure action to redeem, and must be so regarded for all purposes, including the defense of the Statute of Limitations. While the mortgagor is helpless as against his grantee, she is not helpless as against him.

The defendants insist that as the plaintiff can only recover a money judgment, the cause of action is in the nature of an accounting for money had and received, and hence that the six-year, or at most the ten-year Statute of Limitations is a bar. This is not an action, however, to recover money, but to redeem land from a mortgage, and but for the misconduct of the defendant would have resulted simply in a judgment of redemption, with an accounting for the rents and profits of the land, after payment of the debt by the plaintiff, according to her demand and offer before the commencement of

13

the action. The period of limitation provided by the Code, within which an action to redeem from a mortgage may be maintained, is twenty years after breach of the condition or the non-fulfillment of the covenant therein contained. (Code Civ. Pro. sec. 379.) So far as the defendants are concerned, the plaintiff had a right to redeem. She brought her action to redeem and established it by evidence, and was entitled to judgment accordingly, but as that judgment would be ineffectual because the mortgagee had sold the land, equity will simply vary its relief from a judgment of redemption in land to a judgment of redemption in money representing the land. If the plaintiff had not elected to redeem, but to sue for money had and received to her use, the case of *Mills* v. *Mills* (115 N. Y. 80), relied upon by the defendants, might be an authority. In that case, however, as was stated by this court, " all the relief asked for in the complaint is an accounting and a judgment for a sum of money, and no other relief was needed or possible upon the facts established. This was in no sense an action to redeem, as there was no mortgage and nothing to redeem." The relief demanded, as appears from the appeal book on file in this court, was simply a judgment " for all moneys received by " the defendant. No claim was made that the two transactions, which were four years apart, constituted a mortgage, or that there was ever a right to redeem. The theory of the action was that the defendant lawfully sold the land and should account for the proceeds, after deducting his own claim. Thus, the court said : " Absolute title to the lands was vested in the defendant, evidently with the intention that he might sell them and reimburse himself, and pay over any surplus to his brother." The fundamental fact that the defendant sold without right was wanting in that case, and hence the principle, which is the basis of our judgment, could not be applied. It is the wrongful conveyance by the mortgagee in possession, under a deed absolute on its face, that enables a court of equity to hold on to the case after ordinary redemption has been shown to be impossible, and to allow such a redemption against the wrongdoer as will prevent him

from gaining by his wrong, and will give the plaintiff her due as nearly as may be.

The judgment appealed from should be reversed and a new trial granted, with costs to abide event.

PARKER, Ch. J., BARTLETT, MARTIN and WERNER, JJ., concur; GRAY, J., not voting; CULLEN, J., not sitting.

Judgment reversed, etc.