PIETRO MASSARI, Plaintiff, *v.* MICHAEL GIRARDI and FELICINA GIRARDI, His Wife, Defendants.

Supreme Court, Kings Special Term, October, 1922 (Received November, 1922).

**Mortgages — when deed declared a mortgage — agreement designed to cut off equity of redemption void even if founded on consideration — rights of mortgagor.**

A deed absolute on its face given solely as security for specific loans, advances and moneys to be advanced, is in equity a mortgage, and the right to redeem when not expressly provided for is read into the instrument by the law.

Any agreement on a subsequent event to change the nature of the instrument, preventing the equity of redemption, is void even if based upon a consideration.

In an action to have such a deed declared to be a mortgage the plaintiff is entitled to judgment as asked and for an accounting of all rents and profits, and upon payment by plaintiff to defendant of all moneys found due upon the mortgage and of all payments for repairs, upkeep, taxes, etc., which the defendant has made or expenses incurred by him in that respect, together with reasonable charges for caring for the property and collecting the rents, the mortgage will be discharged of record.

ACTION to declare deed a mortgage.

*Duncan & Campbell*, for plaintiff.

*Sidney H. Stuart*, for defendant Michael Girardi.

KAPPER, J. The pleadings admit the making of a deed as security for specific loans, payments, advances and moneys to be advanced and " for no other purpose." The deed was, therefore, a mortgage and must be so held in equity, although absolute on its face. *Mooney* v. *Byrne*, 163 N. Y. 86; *Horn* v. *Keteltas*, 46 id. 605; *Sheldon* v. *McFee*, 216 id. 618. The equity of redemption is inseparably associated with a mortgage and the essential characteristic thereof, so that, whenever it appears that a deed was given as security, the right to redeem always exists in equity. Such a deed is a mortgage by operation of law, and the right to redeem, when not expressly provided for, is read into the instrument by the law. *Mooney* v. *Byrne, supra; Sheldon* v. *McFee, supra.* While the answer and the bills of particulars allege and set forth in substance that the plaintiff absolutely relinquished all claim to the property in January, 1917, about six years after the execution of the said deed and the making of said agreement, there is no evidence upon which such relinquishment can be predicated. Any mere oral statement or understanding was ineffective to alter the original nature of the mortgage and prevent the equity of redemption. See *Clark* v. *Henry*, 2 Cow. 324; *Henry* v. *Davis*, 7 Johns. Ch. 39. A conveyance of real estate intended merely as security

for a debt, though absolute on the face of it, is a mortgage, and any agreement on a subsequent event to change its nature and preventing the equity of redemption is void. *Henry* v. *Davis, supra.* " Once a mortgage, always a mortgage." It is a well-settled principle that chancery will not suffer any agreement in a mortgage to prevail which shall change it into an absolute conveyance upon any condition whatever. *Clark* v. *Henry, supra.* Hence, even were the so-called relinquishment in 1917 based upon a consideration, it would have been ineffectual to change the mortgage to a deed, and the only way that could have been done was to have made a new conveyance, unless the doctrine of estoppel were to be applied, and that would have to be based upon such a change of situation in the defendant as would render it impossible to place him in the condition in which he had been before, or inequitable to deprive him of the possession of property on which the plaintiff knowingly and silently suffered the defendant to make valuable improvements and treat the property as his own and where restitution or reimbursement could not fairly compensate the innocent party. That cannot be said of this case, as in equity the defendant may properly be reimbursed for his expenditures incurred in the upkeep of the property. I think the plaintiff must have judgment declaring the deed to be a mortgage and that an accounting be had between the parties of all rents and profits, with the allowance to the defendant of all disbursements made by him in the upkeep of the property, together with a reasonable charge for his services in caring for and looking after the property, and that upon payment by the plaintiff to the defendant of all moneys found due upon said mortgage and of all payments for repairs, upkeep, taxes, etc., which the defendant has made or expenses incurred by him in that respect, together with reasonable charges for caring for the property and collecting the rents thereof, said mortgage shall be discharged of record. If the parties cannot agree upon the account the accounting will be referred to the official referee. No costs are allowed. Settle findings and judgment on notice.

Judgment accordingly.