The original agreement between the complainant and his father by the terms of which the conveyance was to be made to serve only as a security for the repayment of the loan was in parol. No time limit was fixed in that *Page 429 
agreement within which the complainant was to repay the loan or forfeit his rights. The subsequent agreement of May 27, 1924, between the complainant and the defendant was in writing and fixed a three year period as the limit of the complainant's right to a reconveyance. The extension of time granted by the father, whose authority to act in that regard in behalf of the corporation defendant is not questioned, was not in writing.
The complainant's rights are thus based on an original parol agreement, a subsequent written agreement, and a later parol modification of the latter.
This being the state of the record, the defendant demurred on grounds epitomized on its brief as follows:
(1) The alleged subsequent oral modification of the written contract in question is inadmissible and unenforceable because made after the execution of the written contract under seal and without consideration.
(2) The alleged subsequent modification of the contract is in contravention of the statute of frauds.
On neither ground should the demurrer be sustained. The defendant assumes as the predicate for its contention a point of view which is erroneous. It assumes that the bill sets up an ordinary case calling for specific performance of a contract for the sale of land, and accordingly its argument proceeds upon the theory that the usual principles inhering in the parol evidence rule as well as those so frequently discussed where an attempt is made to vary by parol a contract required by the statute of frauds (Rev. Code 1915, § 2626) to be reduced to writing, are pertinent to the case. It is a misconception of the nature of the case to so view this bill.
The correct view of the bill is that it presents a case where a deed, absolute on its face, was in fact intended by the parties to operate only as a mortgage for the securing of a two thousand dollar loan and that the complainant is entitled to redeem the land.
[1] That being the true nature of the bill, it is well settled that parol evidence is entirely competent to establish the true facts in derogation and modification of the absolute representations of formal, written instruments. Walker's Adm'x v. Farmers' Bank, 8 Houst. 258, 10 A. 94, 14 A. 819, 822: Hall v. Livingston, 3 Del. Ch. 348; Pierson v. Pierson, 5 Del. Ch. 11; Rentoul v. Sweeney, 15 Del. Ch. 302, 137 A. 74; Sadowski v. Rykaezewski (Del.Ch.) 147 A. 249. In most of these cases, parol evidence was admitted to impose a trust upon a title conveyed in absolute fee simple and in one of them to convert an absolute deed into a mortgage. It is no offense therefore against either the general parol evidence rule or the statute of frauds to resort to parol evidence to show that a deed absolute on its face was in fact intended to serve only to convey a title by way of security for a loan.
[2] The defendant further urges that the clause in the agreement of May 27, 1924, whereby the complainant agreed to the time limit of three years as the outside boundary of his right to take the land back, bars him from all his rights, he having failed to pay the money within that time.
This contention is not tenable for two reasons. First for the reason, which seems to me to be perfectly plain, that when the defendant through its president, whose authority is not questioned, persuaded the complainant not to pay the money within the period on the assurance that he might pay it at any time, it would be most inequitable to allow it to now say in substance that the complainant had no right to rely on its representations. He was undoubtedly led by the defendant to prejudice his position and the defendant is now estopped against repudiating the representations which so misled him. The agreement was but the granting of a right to the complainant to redeem the land from the burden of the loan, and under the circumstances he was entitled to act on the theory that the matter of time was waived.
[3] But aside from any question of estoppel, it appears to be settled that a right to redeem continues at all times until it is fore-closed. It was in substance so stated by the Court of Errors and Appeals of this State in Walker's Adm'x v. Farmers' Bank, supra. Judge Grubb in that case said:
"It is also an established doctrine that an equity of redemption is inseparably connected with a mortgage; that is to say, so long as the instrument is one of security, the borrower has, in a court of equity, a right to redeem the property upon payment of the loan. This right cannot be waived or abandoned by any stipulation of the parties made at the time, even if embodied in the mortgage. This is a doctrine from which a court of equity never deviates."
Jackson et al. v. Lynch, 129 Ill. 79, 21 N. E. 580, 22 N. E. 246, was a case very similar to this, in that there was a deed absolute on its face, with a written contract for re-purchase within a given time by the grantor upon repayment of the amount of a debt for which the deed was a security. The time went by and in response to the contention that the complainant was too late under his contract to demand a re-conveyance, the Illinois court said:
"Conceding that the relations between Jackson and Lynch were those of mortgagor and mortgagee, yet inasmuch they expressly agreed * * * that, in the case of the failure of Lynch to make payments at the *Page 430 
time therein stipulated, Jackson was authorized to declare the right of Lynch to redeem forfeited, and Jackson did declare such forfeiture. * * *
"It was assumed that it is elementary that the mortgagor cannot be deprived of his equity of redemption by any form of contract, however comprehensive and unmistakable its terms, showing that such was intended to be its effect. A court of chancery, when it ascertains that the object of a transaction is to give security for a debt, 'will always relieve the mortgagor from the consequences of his failure to perform the condition.'"
Also to the same effect is Mooney v. Byrne, 163 N. Y. 86,57 N. E. 163.
Aside from any question of estoppel therefore, the complainant under the general principles of equity applicable to the subject, is entitled, notwithstanding the three year period has elapsed, to receive a conveyance back to him of the land upon payment of the amount due on the loan. His right to this relief has never been foreclosed against him.
The demurrer will be overruled.
 *Page 255