FRANCIS E. BAUGHAM, Plaintiff, *v.* PETER SLANE et al., Defendants.

Supreme Court, Westchester County, June 12, 1943.

*Abraham Karp* for plaintiff.

*Bleakley, Platt & Walker* for Peter Slane and Edith Slane, defendants.

*Warren W. Wells* for Frank M. Dain, Jr., defendant.

PATTERSON, J. This limited trial was restricted to the single issue as to whether the Statute of Limitations pleaded as a defense to the cause of action, is a bar to a recovery here.

The defense alleged as follows: " That said alleged cause. of action occurred more than three years and/or six years as the case may be prior to the examination (sic) of this action."

On the trial, that allegation was amended to read: " three years, six years and/or ten years ".

The three- or six-year limitations clearly do not apply. The question then is whether the ten-year Statute of Limitations as set forth in section 53 of the Civil Practice Act applies, or fifteen years as set forth in section 46.

The facts are as follows: On April 23, 1928, the plaintiff recovered a judgment against the defendant Peter Slane in New York County in the sum of $7,656.35. On August 31, 1932, the defendant Peter Slane and his wife, the defendant Edith Slane, entered into what is claimed was a conspiracy whereby the defendant Edith Slane purchased a piece of property in Westchester County for $1,200 in her own name, with funds of the defendant Peter Slane. On September 1, 1932, she made an agreement in writing with the defendant Dain whereby she was to expend $1,500 toward the construction of a dwelling on the property, and the defendant Dain was to advance building materials and cash to complete the dwelling in an amount not to exceed $4,000. Such sum was to be repaid to the defendant Dain at the rate of $50 a month with interest on the unpaid balance until November 1, 1935, when the balance was to be paid. The agreement further provided that the defendant Edith Slane was to execute and deliver a deed to the defendant Dain, such deed to be held in escrow. Upon the performance of the terms of the agreement, the deed was to be returned to the defendant Edith Slane. The agreement further provided that upon default in any payment

for ninety days, the agreement was to be canceled in regard to returning the deed.

Defendant Dain advanced the cash and building materials up to $4,000. The defendant Edith Slane then executed and delivered the deed to the defendant Dain. By letter dated December 1, 1941, the defendant Dain notified the defendant Edith Slane that all rights under the agreement were canceled due to default in the payments provided therein.

It is the position of the defendant Dain, the action being one for an accounting and to impress a trust and hence an equity action, that the ten-year Statute of Limitations applies.

A reading of the agreement between the defendants Slane and Dain clearly discloses that the deed from her to him was only as security for the $4,000 loan. That fact apparently being beyond question, the deed then was for all purposes a mortgage. (See *Mooney* v. *Byrne*, 163 N. Y. 86.)

The deed being in fact a mortgage, the equity of redemption is inseparably associated with a mortgage, so that wherever it appears that a deed was given as security, the right to redeem always exists in equity. Such a deed is a mortgage by operation of law, and the right to redeem, when not expressly provided for, is read into the instrument by law. (See *Massari* v. *Girardi*, 119 Misc. 607).

The Statute of Limitations applicable to an action to redeem from a mortgagee in possession is fifteen years after the breach of the condition of the mortgage. Section 46 of the Civil Practice Act so provides in words as follows: " An action to redeem real property from a mortgage * * * may be maintained by the mortgagor, or those claiming under him against the mortgagee in possession, * * * unless the mortgagee in possession * * * have continuously maintained possession of the mortgaged premises for fifteen years after the breach of a condition of the mortgage ".

Plaintiff is a person coming within the language of the Statute " or those claiming under him ", since he can assert the right of redemption which the defendant Edith Slane has because she is a resulting trustee for the benefit of the plaintiff. The right of redemption has not been extinguished since there has been no foreclosure of the mortgage. The right to redeem cannot be defeated until after the lapse of fifteen years after the breach of a condition of the mortgage, and concededly fifteen years has not elapsed since the execution thereof. (See 8 Carmody, New York Pleading and Practice, §§ 1163, 1164.)

It is my opinion that the fifteen-year Statute of Limitations applies.

The defendant Dain pleads the further defense of laches. I don't think there is much substance to this defense. The defendant did not allege or prove injury, damage, change of position, or other prejudice by reason of the delay. Without one or more of these elements, the equitable defense of laches is legally insufficient.

The agreement between the defendants Edith Slane and Dain is not recorded. Its existence apparently was not known to the plaintiff until 1941, when Edith Slane revealed it to the plaintiff for the first time. There is nothing in the deed from her to Dain reciting that it was given only as security for the loan pursuant to the agreement.

It is my opinion that neither the three-, nor six-, nor ten-year Statute of Limitations, nor the defense of laches, is a bar to the plaintiff's cause of action to redeem.