BEATRICE E. SCHEEPER, Respondent, v. INMAR ESTATES, INC., et al., Appellants. (Appeal No. 1.) — The individual defendant loaned to plaintiff the sum of $4,250, secured by lien on parcels of realty, by written agreements and deeds executed in accordance therewith purporting to convey absolutely plaintiff's title to defendant corporation, vesting management and control of the parcels in plaintiff, and enabling her within a specified period to purchase for the amount of the loan all of the corporate stock. In an action to rescind the transaction, for reconveyance and an accounting, final judgment in favor of plaintiff and against defendants in the sum of $9,991.02, less the unpaid balance of the loan, reversed on the law and the facts, without costs, and judgment directed to be entered in conformity with the interlocutory judgment, approving the account of defendants and fixing the sum due and secured by the blanket mortgage in the amount of $3,750, with interest thereon at the rate of 6% per annum from the 1st day of February, 1940, without costs. All findings of fact are reversed, save findings third, twelfth and thirteenth, which are confirmed; all conclusions of law contained in the final decision are disapproved, and all of defendants' proposed findings and conclusions are found and approved, save so much thereof as state that plaintiff is obligated to repay defendants the sum of $7.57, the net loss sustained by defendants as shown in the accounting, and to provide for interest from May 12, 1936. The assertion of title by defendants up to the time of trial did not prejudice or prevent plaintiff from exercising possession and control of the parcels, paying taxes and interest on the first mortgage on parcel A, and defending in an action, instituted with respect to parcel B, to confirm title which was based on a tax deed. On the contrary, plaintiff at all times correctly maintained that the deeds she had executed were actually mortgages (see *Horn* v. *Keteltas,* 46 N. Y. 605, 609; *Mooney* v. *Byrne,* 163 N. Y. 86, 92–93), paid some taxes and interest out of the proceeds of the loan, occupied part of parcel A and appeared but did not defend in the action affecting parcel B. As found, no deceit or fraud was practiced by defendants to induce plaintiff to enter into the original agreements. The parcels were managed and controlled by plaintiff to the exclusion of defendants, save that defendants collected rents for several months from a tenant in parcel A for which, undisputedly, they have fully accounted. In no other respect did defendants act as mortgagee in possession and consequently as trustee. (*Ten Eyck* v. *Craig,* 62 N. Y. 406, 423; *Hubbell* v. *Moulson,* 53 N. Y. 225, 228–229; *Thorn* v. *Sutherland,* 123 N. Y. 236, 241.) Defendants owed no duty to plaintiff to advance sums of money for payment of taxes and interest, to defend plaintiff's title or to refinance the parcels on her behalf. The disposition by plaintiff and her attorneys of the proceeds of the loan, insufficient to meet all of plaintiff's obligations, was of no legal concern to defendants. Settle order on notice. Lewis, P. J., Hagarty, Carswell, Johnston and Nolan, JJ., concur.

BEATRICE E. SCHEEPER, Respondent, v. INMAR ESTATES, INC., et al., Appellants. (Appeal No. 2.) — In view of the decision in *Scheeper* v. *Inmar Estates, Inc. (ante,* p. 845, decided herewith), the appeal from order denying defendants' motion to reopen the trial is dismissed, without costs. Lewis, P. J., Hagarty, Carswell, Johnston and Nolan, JJ., concur.

SAMUEL SCHIFF, Appellant-Respondent, v. BELLA R. SCHIFF, Respondent-Appellant.— Cross appeals from an order granting in part and denying in part plaintiff's motion to strike out the six defenses in defendant's answer as insufficient in law, and denying defendant's cross motion for judgment on the