GEORGE ZIVOTOSKY, Individually and as Administrator of the Estate of NESTOR ZIVOTOSKY, Deceased, et al., Plaintiffs, *v.* PETER MAX et al., Defendants.

Supreme Court, Trial Term, Cortland County, December 20, 1947.

*William C. Maher,* at trial, and *John F. Foley* for plaintiffs. *Charles H. Gardner* for defendants.

Coon, J. This action was tried before the court without a jury on January 7, 1947, but because of the prolonged illness and subsequent death of counsel for the plaintiffs' and the substitution of attorneys, the matter has only recently been submitted.

The plaintiffs and the defendants Andrew Zivotosky, Pearl Maizuk and Anna Kostenko are the heirs at law and successors in interest of Nestor Zivotosky, deceased.

On September 19, 1927, Nestor Zivotosky purchased a parcel of residential property located in the city of Cortland, New York, for the sum of $5,000. He gave a purchase money mortgage for $4,000. Prior to June 1, 1932, this mortgage had been reduced to $1,425. On that date Nestor Zivotosky and Aggrippina Zivotosky, his wife, conveyed the premises to the defendant Peter Max (sometimes known as Peter Maizuk), by a deed which, upon its face, was an absolute conveyance. This deed was not recorded until May 27, 1933, and attached to it were

Internal Revenue stamps indicating a consideration of less than $500. It was subject to the mortgage above mentioned. This action was commenced on June 19, 1946.

Plaintiffs allege that this conveyance, although an absolute conveyance upon its face, was in fact a mortgage to secure the repayment of a loan of $1,000. The plaintiffs contend that at about the time of this conveyance Nestor Zivotosky borrowed the sum of $1,000 from the defendant Peter Max, his son-in-law, and that Peter Max demanded security; that a second mortgage upon the premises involved here was offered to him but he declined it and insisted upon holding title to the premises as security, and was to collect the rents and profits and apply the net proceeds upon the indebtedness, and when it was paid was to reconvey the property.

The answer of the defendants Peter Max and Pearl Maizuk denies these allegations and, as a further defense, alleges that the action is barred by the Statute of Limitations and because of the laches of the plaintiffs. The Statute of Limitations is asserted as a defense on the theory that the action is on contract, or is based on fraud, or is to reform a deed, and that the statutes applicable to such actions apply.

The complaint is not based upon the theory of fraud nor was the action tried upon the theory of fraud, either actual or constructive. Neither is this an action to reform a deed. It is clearly an action to redeem from a mortgage against a mortgagee in possession, and section 46 of the Civil Practice Act applies. The action was brought within the fifteen-year period prescribed therein. The fact that the instrument in question is in the form of a deed does not change the nature of the action or the relief sought, nor does it change the Statute of Limitations which is applicable. (*Baugham* v. *Slane,* 181 Misc. 1041.)

The defense of estoppel is without merit. Some causes for delay clearly appear. The transactions were between members of a family where strict and prompt enforcement of rights would ordinarily not be deemed necessary. Nestor Zivotosky died in 1939. The plaintiff George Zivotosky was absent for a considerable period of time in military service. Andrew Zivotosky, another heir, was missing, and considerable time was devoted in attempting to locate him. Aside from these reasons for the delay, it does not appear that the defendants were in any way prejudiced or that they had altered their position or suffered harm by the delay in any manner, which is a prerequisite to the defense of laches. (*Baugham* v. *Slane, supra.*)

The merits of the case depend upon the intention of the parties and a determination of whether the conveyance involved was executed and delivered as security for an indebtedness or not. It is a well-established rule of long standing that a conveyance, though absolute on its face, is in fact a mortgage if it is given as security for a debt and it was the intention of the parties that the property be held as security only. (*Barry* v. *Hamburg-Bremen Fire Ins. Co.*, 110 N. Y. 1; *Kraemer* v. *Adelsberger*, 122 N. Y. 467; *Chase National Bank* v. *Tover*, 245 App. Div. 615.) Such a deed *is* a mortgage, by operation of law, and the right to redeem is read into it by law. (*Baugham* v. *Slane*, 181 Misc. 1041, *supra*.)

The true intention of the parties may be shown by oral testimony (*Chase National Bank* v. *Tover*, *supra*; *Ensign* v. *Ensign*, 120 N. Y. 655).

The testimony of the plaintiffs George Zivotosky and Aggrippina Zivotosky stands undisputed in the case. Their testimony is, in substance, that about June 1, 1932, Nestor Zivotosky wanted to buy a farm and needed $1,000 for that purpose. That he borrowed such sum from his son-in-law, the defendant Peter Max. That the defendant Max demanded security for his money. That a second mortgage upon the premises here involved was offered to the defendant Max. That he refused to take a second mortgage and insisted upon holding title so that he could collect the rents and profits until he was repaid. That the defendant Max stated that he would reconvey the property as soon as the debt was paid. That thereupon Nestor Zivotosky and his wife executed the deed to the defendant Peter Max. That thereafter, and on a number of occasions, an accounting for the rents and profits and statement of the balance due, if any, upon said indebtedness was demanded of Peter Max but was never furnished. That subsequently to the conveyance the defendant Peter Max stated on more than one occasion that he had not yet collected enough to pay the debt and therefore refused to reconvey, but that upon such payment he would reconvey.

The court has considered the fact that the witness George Zivotosky was only fourteen years of age at the time of the original transaction and the conversations to which he testified, and that he is an interested witness. However, the court was impressed with his sincerity and apparent truthfulness as a witness and is satisfied that he heard the defendant Peter Max express words which clearly indicated that both parties understood that the transaction was to provide security for a debt. This witness also testified to conversations with the defendant

Peter Max since he attained maturity, when an accounting was demanded, and the defendant Peter Max reaffirmed that the whole purpose of the transaction was to secure the repayment of his indebtedness, but claimed that it was not paid. The fact that this witness was not present when the actual conveyance was signed is not vital, because it is undisputed that the conveyance was the culmination of the conversations with reference to security. The testimony of the witness Aggrippina Zivotosky was elicited with difficulty because of her inability to speak or understand English, but enough was elicited to be convincing that both her husband and the defendant Max understood that the conveyance was for securing the repayment of a debt only.

It is true that to overcome the presumption that the deed conveys title absolute in accordance with its terms, the proof must be clear and convincing. To the court's mind the proof meets this test, particularly when it is entirely undisputed. The defendant Peter Max was present in court when these two witnesses testified, and although their testimony related almost exclusively to conversations with him, he was not called as a witness and did not deny or explain or offer any other version of these conversations. The proof was certainly sufficient to call upon him to refute it, and in a civil case his silence may be considered. The oral testimony offered is also corroborated by other circumstances than his silence. The deed was held unrecorded for approximately a year by the defendant Peter Max. The consideration for the conveyance, as evidenced by both the oral proof and the revenue stamp, was at great variance with the actual value of the premises and the original purchase price thereof.

The plaintiffs allege that sufficient rents and profits have been received by the defendant while he has been in possession to pay the indebtedness and interest in full. The defendant has heard testimony that an accounting has been demanded of him and that he refused it, and that he did not claim even then that the conveyance was absolute, but claimed that his indebtedness had not been paid in full. In the face of this evidence the defendant Max remained silent. Certainly the plaintiffs have established a prima facie case that this conveyance was a mortgage, and in the complete absence of any evidence to the contrary have met the burden of establishing their contention by a preponderance of the evidence.

The plaintiffs are entitled to judgment establishing the conveyance in controversy as a mortgage to secure an indebtedness in the sum of $1,000 with interest, and are entitled to an account-

ing from Peter Max of the rents and profits while he has been in possession. If the accounting demonstrates payment in full, a reconveyance will be directed, and if not, a reconveyance will be directed upon payment of any balance due. If the parties are unable to agree upon an accounting a reference will be directed.