MARY E. RANDALL et al., Administrators, etc., Respondents, *v.* JOSHUA C. SANDERS, Appellant.

Upon the sale and conveyance of lands the grantor and grantee may contract with each other for a re-sale, and such a contract does not divest the title acquired by the deed or convert it into a mortgage.

In an action of trespass plaintiffs claimed, under a deed absolute on its face, to R., their intestate, from B., executed December 5th, acknowledged December 8th, recorded December 12th, 1837. The evidence was to the effect that at the time of the execution of the deed R. held B.'s bond secured by mortgage upon fifty-six city lots; the deed conveyed twenty-eight lots, part of which were included in the mortgage, and a portion, including the *locus in quo*, were not covered thereby. The amount then due on the mortgage was about the consideration expressed in the deed. On the day the deed was recorded the mortgage was satisfied of record. By instrument dated December 6th, and acknowledged on the day the deed was recorded, R. agreed to give to B. the right of pre-emption of the land described in the deed if he should, before the expiration of three years from the first day of May then next, pay to R. a sum of money, to be ascertained in a manner prescribed; said sum corresponding in amount to the sum due upon the bond and mortgage, with interest compounded semi-annually. No reference was made in the instrument to the mortgage or to any indebtedness on the part of B. nor did he agree to make the payments or purchase the property. It did not appear that the value of the premises exceeded the consideration expressed. B. assigned said agreement, together with his interest in the premises, to S. Defendant, claiming under said assignment and claiming that the deed to R. was only a mortgage, entered upon and fenced the *locus in quo*, which was a vacant lot at the time of the conveyance to R., and of the entry. *Held*, that it appeared from the evidence that the deed was given and received in satisfaction of the prior indebtedness; that it was not intended as a security merely but an absolute conveyance with an option to the vendor to re-purchase; and that, as the lot was vacant, the possession followed the title and the action was maintainable.

(Argued January 18, 1882; decided January 31, 1882.)

APPEAL from judgment of the General Term of the Su-
preme Court, in the first judicial department, entered upon an
order made January 28, 1881, which affirmed a judgment in
favor of plaintiffs, entered upon a verdict. (Reported below, 23
Hun, 61.)

This was an action under the statute, brought by plaintiffs
as administrators of Israel Randall, deceased, for a trespass al-
leged to have been committed during the life-time of the de-
ceased, upon lands owned by him.

The material facts are stated in the opinion.

*J. C. Sanders* for appellant. The deed made by Brady to
Randolph, by which it is claimed that Randolph became vested
with the title to the *locus in quo*, coupled with the agreement
of Randolph to Brady, was in fact only a mortgage; and al-
though Randolph procured the same to be recorded as a deed,
he derived no advantage therefrom, not having the instrument
operating as a defeasance recorded with it at the same time.
(3. R. S. [5th ed.] 45, § 3; *White* v. *Moore,* 1 Paige, 551.)
Every deed given as a security, though it be an absolute con-
veyance in terms, is a mortgage; and the fact that it was in-
tended as a security may be shown by parol or written extrinsic
evidence. (*Horn* v. *Keteltas,* 46 N.Y. 605, 609; *Stoddard* v. *Whi-
ting,* id. 632; *Carr* v. *Carr,* 52 id. 251; *Murray* v. *Walker,* 31 id.
390; *Morgan* v. *Shinn,* 15 Wall. [U. S.] 110; *Strong* v. *Stew-
art,* 4 Johns. Ch. 107; *Odell* v. *Montross,* 68 N. Y. 499.)
A conveyance which is once a mortgage is always a mortgage,
and no agreement in or outside the instrument will change it
into a conveyance. (*Clark* v. *Henry,* 2 Cow. 324; *Henry* v.
*Davis,* 7 Johns. Ch. 41; *Bell* v. *Mayor,* 10 Paige, 49.) As a
rule a conveyance of real or personal property, accompanied by
an agreement in writing or by parol, on the part of the grantee,
to reconvey the property in case the grantor, his heirs or
assigns, shall pay within a certain time a sum which is the
amount of a loan or an antecedent debt, and the interest
thereon, is construed to be a mortgage. (*Peterson* v. *Clarke,*
15 Johns. 205; *Lane* v. *Shears,* 1 Wend. 433; *Brown* v.

*Dean*, 3 id. 208; *Palmer* v. *Gurnsey*, 7 id. 248; *Hall* v. *Van Cleve*, N. Y. Leg. Obs. 281; *Elliott* v. *Moore*, 53 Barb. 285; *Holmes* v. *Grant*, 8 Paige, 258.) Such defeasance need not necessarily be of the same date as the conveyance. (Willard on Real Estate, 440; 4 Kent's Com. 141; *Holmes* v. *Grant*, 8 Paige, 248; *Horn* v. *Keteltas*, 46 N. Y. 606; *Dey* v. *Dunham*, 15 Johns. 555; *Sopler* v. *Signor*, 37 Barb. 329; *Clark* v. *Henry*, 2 Cow. 325.) When the relation of mortgagor and mortgagee exists, such transactions as the present case discloses are regarded with jealousy by courts of equity and will only be sustained when *bona fide* and in all respects fair, and for adequate consideration. (*Odell* v. *Montross*, 68 N. Y. 504.) The fact that Brady did not agree to pay the debt is only a circumstance to be considered, but is by no means conclusive. (*Horn* v. *Keteltas*, 46 N. Y. 611.) The intention that the deed should not be an absolute conveyance may be evinced by acts as well as by parol or written declaration. (*Lane* v. *Shears*, 1 Wend. 433.) The entry upon and continued possession of the premises by the defendant were justifiable, and he is not liable in an action of trespass therefor. (*Wood* v. *Layfayette*, 68 N. Y. 181, 190; 2 Waterman on Trespass, 527; *Smith* v. *Burtis*, 6 Johns. 218; *Fonner* v. *Johnson*, 78 N. Y. 617.)

*W. I. Butler* for respondents. Where the title of one of the grantors is admitted, as in this case, or established, the burden is not upon the plaintiff of proving possession in the subsequent grantors. (*Stevens* v. *Hauser*, 39 N. Y. 302; *Miller* v. *L. I. R. R. Co.*, 71 id. 380.) Where no one is in possession the party having the title or right of possession may maintain trespass; and the owner of wild and uncultivated land is to be deemed in possession so as to maintain trespass until an adverse possession is clearly made out. (*Wickham* v. *Freeman*, 12 Johns. 183; *Leland* v. *Tousey*, 6 Hill, 328; *Wood* v. *Lafayette*, 68 N. Y. 181; *Wohler* v. *Buff. & S. L. R. R. Co.*, 46 id. 686; *Adams* v. *Farr*, 2 Hun, 473; *Robinson* v. *Wheeler*, 25 N. Y. 252; *Van Brunt* v. *Schenck*, 11 Johns. 385; *Van Rensselaer* v. *Van Rensselaer*, 9 id. 377;

*Van Rensselaer* v. *Radcliff*, 10 Wend. 639.) A deed abso-
lute on its face may be a mortgage, but the burden of the
proof is on the party setting up a defeasance. (*Holmes* v. *Grant*,
8 Paige's Ch. 243.) If the agreement offered to establish a de-
feasance be entered into subsequent to the principal deed, and
not in pursuance of the original agreement, it will not consti-
tute a mortgage. (1 Wash. 515.) A sale at an agreed price
paid, with an agreement that the vendor may repurchase at an
advanced price, is an agreement for a repurchase, not a de-
feasance. (*Glover* v. *Payne*, 19 Wend. 518 ; *Brown* v. *Dewey*,
2 Barb. 28 ; *Baker* v. *Thrasher*, 4 Denio, 493 ; *Whitney* v.
*Townsend*, 2 Lans. 249 ; *Maccauley* v. *Porter*, 71 N. Y. 173.)
Adequacy or inadequacy of consideration paid is a circumstance
to show whether a transaction is a deed or a mortgage, but not
conclusive. (*Holmes* v. *Grant*, 8 Paige, 243 ; *Horn* v. *Ketel-
tas*, 46 N. Y. 606.)

RAPALLO, J. The trespass complained of in this action con-
sisted of the entry by the defendant upon a piece of land seventy-
five feet square, on the south-easterly corner of One Hundred
and Sixteenth street and Sixth avenue in the city of New
York. The premises were, at the time, vacant; but the
defendant inclosed them with a fence, shutting them off
from the street and avenue. The plaintiffs' intestate, Israel
Randolph, claimed title to them under a deed from Wil-
liam V. Brady dated December 5, acknowledged December
8, and recorded December 12, 1837, and the evidence
clearly shows that he was, at the time of defendant's entry, the
owner in fee unless the defendant can establish his claim that
the above-mentioned deed was in legal effect merely a mortgage.
The defendant also claims under Brady, and seeks to justify
his entry on the ground that the deed from Brady to Randolph
being, as he alleges, in effect a mortgage, the legal title re-
mained in Brady. That Brady in 1838 conveyed his interest
in the premises to Willard Leonard, who was in 1842 adjudged
a bankrupt. That Leonard's title thereupon passed to Waddell,

the general assignee in bankruptcy, who, in 1872, conveyed to the defendant.

There is no oral evidence bearing upon the question whether Brady's deed to Randolph was intended as a mortgage, and this question must be determined from documentary evidence entirely.

At the date of the deed Randolph was the holder of a mortgage made by Brady to Saml. R. Childs, dated December 20, 1836, to secure the payment of Brady's bond to Childs for $5,500, in two years with interest at seven per cent, payable semi-annually, which mortgage had been assigned by Childs to Randolph by assignment dated February 1, 1837, and recorded February 9, 1837. This mortgage covered the easterly seven hundred feet of the block bounded by Fifth and Sixth avenues and One Hundred and Fifteenth and One Hundred and Sixteenth streets, embracing about fifty-six city lots, but did not cover the premises now in question.

The consideration named in the deed of December 5, 1837, is $5,875, which sum is found by computation to be within a few cents of the amount due at that date for principal and interest upon the mortgage, compounding the interest by adding interest on the semi-annual instalment, which fell due June 20, 1837.

This deed conveyed only two hundred and fifty feet of the easterly portion of the block, embracing twenty city lots, and eight lots on the south-easterly corner of Sixth avenue and One Hundred and Sixteenth street, containing one hundred feet on the avenue and two hundred feet on the street, which lots embrace the premises in dispute in this action. It thus appears that the deed only conveyed one-half of the number of lots which were covered by the mortgage. On the 12th of December, 1837, the deed was recorded as a conveyance and on the same day the mortgage was satisfied of record.

Thus far it would seem quite plain that the mortgagee had received in payment of his mortgage a conveyance in fee of part of the mortgaged premises and other lands containing together one-half of the quantity of land upon which his mortgage had

been a lien; but the difficulty in the case arises out of another instrument executed at about the same time to which reference must now be had.

This instrument is an agreement between Randolph and Brady, dated December 6, 1837 (one day after the date of the deed), and acknowledged December 12, 1837 (four days after the acknowledgment of the deed, and the same day the deed was recorded), whereby, in consideration of one dollar, Randolph agrees to give to Brady the right of pre-emption of the land therein described (which is the same land described in the deed), on the following terms, viz.: that if he shall, at any time before the expiration of three years from the first of May then next, pay to Randolph a sum of money to be ascertained as provided in the agreement, he, Randolph, will convey the said premises to Brady by deed with covenant against the grantor's acts. The items to be paid are enumerated, and correspond in amount with the sum which would be due upon the $5,500 mortgage, with interest compounded semi-annually, and payments for taxes, assessments and prior incumbrances, with interest. No reference is, however, made to the former mortgage, nor to any indebtedness on the part of Brady, nor is there any agreement on his part to make any of the payments or to purchase the property.

The greatest care seems to have been observed to disconnect this agreement with the prior indebtedness and to make it an independent agreement, conferring upon Brady the privilege, at his option, of purchasing the property within the time limited. This agreement was not recorded until October 9, 1838. It was assigned by Brady to Willard Leonard, together with all Brady's right, title and interest in the property therein mentioned, by an assignment dated September 8, 1838, and recorded on October 9, 1838.

After a careful consideration of these instruments we are of the opinion that the relations of debtor and creditor, and mortgagor and mortgagee, formerly existing between the parties, were terminated by the conveyance of December 5. That the conveyance was given and received in satisfaction of the

prior indebtedness, and was not intended as a security merely, but as an absolute conveyance, and that the agreement of December 6 was not intended as a defeasance, but a contract to re-sell. A mortgagor may release his equity of redemption to the mortgagee, and certainly if the mortgagee will accept a part of the mortgaged premises, or other premises, in payment of his mortgage, there is no legal objection to such a transaction. When the equity of redemption of the mortgagor has been thus extinguished, the parties are competent to contract with each other for a re-sale, and such a contract does not divest the title acquired by the conveyance or convert it into a mortgage. It can hardly be supposed in the present case, that Randolph, in relinquishing his mortgage on fifty-six lots for a conveyance of twenty-eight lots, intended that the conveyance should still be a mortgage merely, and that if Brady did not exercise his option of purchasing within the three years, he should still retain a title which could only be extinguished by a foreclosure. Such could not have been the understanding of the parties, nor are the documents capable of that construction. The intent is very apparent to vest the legal title to the twenty-eight lots conveyed in Randolph, and that he should retain it in case Brady did not, within the time specified, exercise his option to re-purchase. The transaction could hardly have had any other object. If Randolph was to continue as mortgagee, he would have retained his lien on the whole fifty-six lots. It may be said that by this arrangement he secured compound interest, but this he could not legally stipulate for in advance, if he received the conveyance merely as security, for a debt, and this consideration confirms the view that the intention was to extinguish the debt and vest the title in Randolph, and give Brady the option of re-purchasing the property. In a transaction of that character it was perfectly legal to give the option to re-purchase at an advanced price, and the risk of a decline in the value of the property fell wholly upon Randolph. (*Glover* v. *Payne*, 19 Wend. 518; *Brown* v. *Dewey*, 2 Barb. 28.) There was no evidence that the value of the premises exceeded the amount of the mortgage debt, or to show that it was in any

respect unreasonable or inequitable to treat the deed of December 5 as an absolute conveyance. This view renders it unnecessary to consider the effect of the subsequent dealings between Willard Leonard and Josiah Leonard. All that Willard Leonard had was an option to purchase within three years from May 1, 1838, and after the lapse of more than forty years without any attempt to exercise this option, it is of little moment to trace the transfers of it. The evidence as to the first mortgage from Brady to Childs for $5,500, which was canceled, and as to the conveyance by Brady to Willard Leonard after December, 1837, throw little light upon the subject, and have not, therefore, been referred to.

The premises having been vacant at the time of the defendant's entry, and the legal title being vested in Randolph, he had constructive possession, which entitled him to maintain trespass for such entry.

We think the case was correctly decided below, and the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.