MIGUEL GARCIA, as Executor of the Last Will and Testament of JOHN GARCIA, Deceased, Appellant, *v.* MARY R. CALLENDER, Respondent.

*Right of pre-emption reserved to the grantor in a deed — construction thereof.*

A covenant in a deed providing that the party of the first part thereto "shall at any time have the right of pre-emption of the premises above described and conveyed to the party of the second part by the party of the first part at and after the same price as the above-mentioned consideration for this conveyance, to wit, the sum of $12,000," gives to the grantor the pre-emptive right, at any time that the grantee desires to sell the premises, to purchase the same.

It does not confer the absolute right of repurchase at any time, at a given price, and until there is a desire to sell, on the part of the party of the second part to the deed, the pre-emptive right secured thereby to the party of the first part cannot be exercised.

Appeal by the plaintiff from a judgment, rendered at a Special Term of the Supreme Court, in the city of New York, and entered in the office of the clerk of the county of New York on April 30, 1888, by which the plaintiff's complaint was dissmissed upon the merits.

*George H. Forster*, for the appellant.

*Henry H. Anderson*, for the respondent.

Van Brunt, P. J.:

By deed, executed October 24, 1854, the plaintiff's testator, John Garcia, conveyed in fee simple the premises in question, a dwelling-house, on Twentieth street, between Fifth and Sixth avenues, in the city of New York, to Jane J. Callender, the mother of this defendant. The deed contained the following covenant: And the said

party of the second part, for herself, her heirs and assigns, doth hereby further covenant and agree to and with said party of the first part, her executors, administrators and assigns, that the said party of the first part, her heirs, executors and administrators shall, at any time, have the right of pre-emption of the premises above described and conveyed to the party of the second part by the party of the first part, at and after the same price as the above-mentioned consideration for this conveyance, to wit, the sum of $12,000.

Subsequently both the parties to this deed died. The plaintiff became the executor of the grantor, John Garcia, and the defendant became the sole heir of the grantee, Jane J. Callender, and continued to own and occupy the premises. Nothing appears to have been said or done in regard to this covenant until April, 1885, thirty-one years after the execution of the deed, when the plaintiff notified the defendant of a desire on his part to acquire said premises from her by the payment of $12,000, and a demand for a deed at that price was duly made. The defendant refused to convey said premises, stating that the property was not for sale; that she had not offered it for sale and did not intend to sell it. The plaintiff then brought this action to compel the defendant to convey the property to him for $12,000. The court below held that the plaintiff failed to show a right to the relief demanded and dismissed the complaint, and from the judgment thereupon entered this appeal is taken.

It may not be at all necessary to add anything to the opinion of the learned judge who tried the case in the court below. But in view of the fact that attention has been called upon this appeal to certain definitions of the word pre-emption, which were evidently not before the court at the trial of the case, it may be proper to add a word or two to that which was so well said in the opinion rendered upon the trial.

In the construction of the words of a contract the intention of the parties is to be ascertained, if possible, and such intention is to control. It is clear that in this contract the use of the word pre-emption has no relation to the definition given of it by Blackstone, relating, as the word there does, entirely to the prerogative of purveyance, or the right upon the part of the king's purveyors of buying up provisions and other necessaries for the king's household. In international law the word had another definition, where it meant the

right of a nation to detain the merchandise of strangers passing through its territories or seas in order to afford to its own subjects a preference of purchase. It is certain that this right was not referred to in the deed in question. By the laws of the United States the right given to settlers on public lands to purchase them in preference to others is called the pre-emption right. And as this definition more clearly refers to a subject-matter similar to that which the parties to this contract had under consideration, it must have been some similar right which was intended to be preserved.

It would seem to be clear that some other right than the mere right of repurchase at a given price was in mind or that a term much more common would have been used. And it, therefore, seems that the term in question was employed for the purpose of giving to the grantee a preference in the purchase, over any other person, when the grantee desired to dispose of the property in question. In all the cases cited by the appellant's counsel there was a clear covenant to reconvey; and although the phrase "right of pre-emption" may have been used, yet in the instrument itself was defined what the parties intended by the use of that term as in the case of *Randall* v. *Sanders* (23 Hun, 611; affirmed 87 N. Y., 578). But in no case has it been held that the mere giving of a right of pre-emption, without a covenant to convey at any time, gives a right to compel a conveyance against the wish of the grantee.

It may be true that this construction does not give the broadest effect to the words, at any time, as is claimed by the appellant. But full effect may be given to those words by holding that at any time that the grantee desires to sell the grantor shall have the pre-emptive right to purchase. We think that this was what was intended by the parties to the instrument in question, and that the learned court was right in holding that until there was a desire to sell, the pre-emptive right could not be exercised.

The judgment should be affirmed, with costs.

Bartlett and Macomber, JJ., concurred.

Judgment affirmed with costs.