RICHARD VERITY and PERCY VERITY, as Executors of and Trustees under the Last Will and Testament of CHARLES HENRY VERITY, Deceased, Appellants, v. METROPOLIS LAND COMPANY, Respondent, and THE PEOPLE OF THE STATE OF NEW YORK, Defendant.— Appeal by plaintiffs in a foreclosure action from so much of the judgment as bars the recovery of a deficiency. Judgment, in so far as an appeal is taken therefrom, affirmed, with costs. The defendant-respondent purchased land, gave a mortgage for part of the purchase price and paid the interest for seven years and $20,000 on the principal. When the depression came it obtained an extension of the mortgage — April 8, 1933. The provision in the extension agreement that the mortgagee " shall not be required to foreclose said mortgage in case of default thereunder " and that the mortgagor would deliver a deed for the premises which the mortgagee would accept in full satisfaction and discharge of all claims against the mortgagor — we interpret as giving an advantage to the mortgagor in the nature of an option so that it would not, in case of default, lose the property and be subject also to a deficiency judgment. It furnished the same general protection as was shortly afterward provided by statute. (Civ. Prac. Act, § 1083-a.) It is a common occurrence that mortgagors agree to give a deed to obviate the expense of foreclosure and a deficiency judgment. However courts may view such provisions in normal times to prevent oppression of a mortgagor, the equitable rule will not be applied for the benefit of a mortgagee in a period of depression, to the end that he may acquire the property and obtain a deficiency judgment besides. The testator made a bargain with the defendant-respondent, and under the circumstances the executors will be held bound by it, rather than permitting them to break it of their own choice for the undue enrichment of the estate. Courts of equity will not look favorably on such a result. It matters little what the doctrine is called — waiver, estoppel or something else. The plaintiffs are seeking the aid of equity to accomplish an inequitable purpose, and may not succeed. No question of public policy is here involved. Lazansky, P. J., Carswell, Davis and Adel, JJ., concur; Taylor, J., dissents and votes to modify the judgment by striking out the last paragraph and by inserting in place thereof the usual form providing for a deficiency judgment, upon the ground that the clause contained in the agreement, modifying and extending the original bond and mortgage, is void as against the public policy of the State. That clause reads as follows: " Third. That the party of the second part shall not be required to foreclose said mortgage in case of default thereunder, but that in such event the party of the first part will execute, acknowledge and deliver to the party of the second part, or other owner of the said bond and mortgage, a good and sufficient deed of conveyance of said mortgaged premises; and the party of the second part will accept the same in full satisfaction and discharge of all claims against the party of the first part by reason of said bond and mortgage." The principle stated applies not only to a case in which the original mortgage contains the purported contractual obligation (Henry v. Davis, 7 Johns. Ch. 40, 42; Mooney v. Byrne, 163 N. Y. 86, 92; Macauley v. Smith, 132 id. 524), but, as well, to this case, in which said purported obligation is contained in a subsequent written agreement modifying and extending the mortgage. (Holden Land and Live Stock Co. v. Inter-State Trad-

*ing Co.*, 87 Kans. 221; 123 P. 733.) Further, the doctrine of waiver does not aid the respondent here, for public policy, as distinguished from mere private right, is involved; hence no legal waiver is possible. (*Parthey* v. *Beyer*, 228 App. Div. 308.)