MARION L. KIRBY, Appellant, *v.* FRED J. TRICKER et al., Respondents.

Second Department, November 30, 1942.

*Rudolph Dugan* for appellant.

*LeRoy G. Edwards* for respondents.

LAZANSKY, P. J.  From a writing signed by defendants, it appears that plaintiff loaned to defendants a sum of money which they promised to repay with interest at six per cent, to be computed semi-annually; that a deed to property at Southold was given "as collateral for the aforesaid loan"; that the deed was not to be recorded unless there was default in the payments and was to be surrendered when full payment had been made. After default, the deed was recorded and an action was brought for the balance of interest due, amounting to $1,046.18.  Over objection that it would vary the terms of a written instrument, oral testimony was introduced in support of a defense to the effect that if defendants were not able to pay the note or the interest the deed should be recorded and that would end the transaction.  Plaintiff denied that there was any such arrangement.  There was no proof of the value of the property.  On the verdict of a jury in their favor, judgment was rendered for defendants.

The writing shows that the parties intended the deed to be a mortgage and was final and complete in itself and "so certain as to bar out all inquiry in respect of the purpose of the parties."  (*Di Menna* v. *Cooper & Evans Co.*, 220 N. Y. 391, 397.)  The oral testimony contradicts the writing and should not have been admitted.  The provision that the deed was not to be recorded unless default was made in payments clearly carried with it the implication that, if there were a default, the deed might be recorded.  Recording did not change the nature of the transaction.  (Real Property Law, § 320; Cons. Laws, ch. 50.)  "The right to redeem is an essential part of a mortgage, read in by the law if not inserted by the parties."  (*Mooney* v. *Byrne,* 163 N. Y. 86, 92.)

Further, it is a well-established doctrine of equity, also applied at law, that the parties to a deed may show by parol, as here, that it was intended to be a mortgage.  (*Barry* v. *Hamburg-Bremen Fire Ins. Co.,* 110 N. Y. 1, 5.)  While this doctrine has been most frequently asserted for the benefit of the borrower, it may be resorted to by the creditor.  (*Andrus* v. *Burke,* 61 N. J. Eq. 297, 300; *McMillan* v. *Bissell,* 63 Mich. 66; *Kellogg* v. *Northrup,* 115 Mich. 327; *Holman* v. *Mason City Auto Co.,* 186 Iowa, 704; *Woods* v. *Wallace,* 22 Penn. St. 171.)

Another well-established equitable principle is "once a mortgage always a mortgage." (*Macauley* v. *Smith*, 132 N. Y. 524, 531.) If a mortgagee may have the benefit of the rule that a deed, fair on its face, may be shown to be a mortgage, it would seem to follow that the rule of "once a mortgage always a mortgage" may be invoked by him. It was so held in *Woods* v. *Wallace* (*supra*). So firmly has this rule of "once a mortgage always a mortgage" become entrenched in the law that, even by express agreement made at the inception of the instrument, the debtor may not waive his right to redeem. (*Mooney* v. *Byrne, supra.*) Therefore, if the oral testimony were properly received, it could not change the effect of the writing.

In *Verity* v. *Metropolis Land Co.* (248 App. Div. 748; affd., 274 N. Y. 624) there was no agreement, when the loan was made, to forego the right of redemption. The agreement in that respect was made as a term of an extension agreement. "A mortgagor and mortgagee may, at any time *after the creation of the mortgage* and before foreclosure, make any agreement concerning the estate they please, and the mortgagee may become the purchaser of the right of redemption." (*Odell* v. *Montross*, 68 N. Y. 499, 504.)

The judgment should be reversed on the law, with costs, and, there being no question for a jury, judgment should be directed for plaintiff, with costs.

The appeal from the order denying the motion to set aside the verdict and for a new trial should be dismissed, without costs.

CARSWELL, J. (dissenting). Proof was properly received sustaining the defense that there was a separate contemporaneous oral agreement or supplemental arrangement at the time the note and deed were delivered, that in the event of default under the note, the deed was to be recorded by the lender and to have full effect as an absolute conveyance, and be accepted as full payment of the debt or note.

The oral proof did not contradict but merely supplemented the note in suit. As was said by CARDOZO, J., in *Di Menna* v. *Cooper & Evans Co.* (220 N. Y. 391, 397) and reiterated in *Saltzman* v. *Barson* (239 N. Y. 332, 337), "If we view the document alone, the inference of finality is not so certain as to bar out all inquiry in respect of the purpose of the parties." The negative provision in the note declaring that the deed was not to be recorded unless a default occurred is merely explained and clarified by the oral proof that in the event there was such a recording upon default, the deed was to be accepted as full payment of the debt. Oral proof revealing the intention of the

parties in a transaction of this character is admissible. (*Braun* v. *Vollmer,* 89 App. Div. 43, 47.) The recording of the deed by plaintiff seven years after it was delivered gave verity to the defendants' contention in this respect.

There were two stages in the transaction — one when the instrument was an equitable mortgage, and the second when, as found by the jury, the instrument was intended to take effect as an absolute conveyance. The intention of the parties in the latter respect was for the jury. (*Reich* v. *Dyer,* 180 N. Y. 107.)

I recognize the rule that where a deed absolute in form was, in fact, intended as security for a debt, equity will treat it as a mortgage and the grantor is not competent to relinquish his right of redemption by any agreement made at the time the instrument was executed. (*Mooney* v. *Byrne,* 163 N. Y. 86, 92, 93; *Braun* v. *Vollmer, supra,* pp. 48, 49.) The reason for the rule is that a borrower so situated is protected, as a matter of public policy, from having such an agreement enforced against him, so that he may not be the victim of oppression or over-reaching. In all the cases where the rule has been applied it appears that the value of the premises exceeded the amount of the debt and that it would be inequitable to treat the deed as an absolute conveyance.

Another creditor of the borrower may also invoke the rule where the borrower, through neglect or design, fails to do so. (*Macauley* v. *Smith,* 132 N. Y. 524.) The rule was established for the benefit of the borrower and his other creditors, if any. It never was intended for the benefit of a lender and he may not invoke it to avoid his agreement with the borrower. It therefore has no application to the facts herein, where the borrower does not repudiate the agreement but insists upon its enforcement, and the rights of no other creditor are affected.

The effect of enforcing the agreement found by the jury is to transform, at the instance of the borrower, what was an equitable mortgage into an absolute conveyance, which the instrument is on its face. To do this differs in no wise from a situation where a borrower gives an instrument which is in form a mortgage as security for a loan and at the inception of the transaction agrees to give a separate instrument, to wit, an absolute deed in complete satisfaction of the loan, in the event there is a default under the mortgage. The latter form of transaction was sustained in *Verity* v. *Metropolis Land Co.* (248 App. Div. 748; affd., 274 N. Y. 624; see, also, *515-2nd St. Corp.* v. *Bisnoff,* 250 App. Div. 642).

It is a common occurrence for mortgagors to agree to give a deed to obviate the expense of foreclosure and a deficiency judgment. Agreeing to do this after a default, is no different in essence from agreeing to do so before a default, where the one invoking such an agreement is the borrower. In the latter instance the rule making unenforceable an agreement to yield up an equity of redemption has no application, as the borrower neither seeks nor needs protection from oppression, because there is none, either presumptive or actual.

The judgment and order should be affirmed, with costs.

HAGARTY, J., concurs with LAZANSKY, P. J., only on the ground that the mortgage was complete in itself and unambiguous and, therefore, the proof adduced was inadmissible in that it tended to change the terms of the instrument; TAYLOR, J., concurs with LAZANSKY, P. J.; CARSWELL, J., dissents and votes to affirm the judgment and order, with opinion; JOHNSTON, J., concurs with CARSWELL, J.

Judgment reversed on the law, with costs, and judgment directed in favor of the plaintiff, with costs.

Appeal from order dismissed, without costs.