Anthony M. Livoti, J.
Motion by plaintiff for summary judgment in an ejectment action. Motion by defendants to dismiss the complaint on the ground that it fails to state facts sufficient to constitute a cause of action.
Defendants’ motion is denied (Crook v. Licourt, 216 App. Div. 237; 14 Carmody-Wait, New York Practice, p. 178).
The basis for plaintiff’s motion is a written agreement entered into between the parties on May 21,1957. Under this agreement plaintiff loaned $5,000 to defendants, owners of a one-family house in this county. The loan was to be repaid at the rate of $60 per week, all of which payments were to be evidenced by negotiable promissory notes, bearing interest at the rate of 6% per annum. Paragraph 3 of the agreement expressly provided that “ as collateral security for the repayment of the said loan ” plaintiff acknowledged receipt of “a deed to the aforementioned property ” to be held in escrow by him upon the following terms and conditions: (1) If the entire loan were repaid, with interest, the deed was to be returned to defendants. (2) If there were a default in the payment of any of the notes which con- *989 tinned for two days then upon three days’ notice by registered mail, and in the event the default was not cured within that three-day period, plaintiff would be entitled to record the deed and have the following concurrent remedies: (a) to become the sole, absolute and unconditional owner of the property; (b) to sell the property at public or private sale, at which sale he might become the purchaser and sue defendants for any deficiency; and (c) to sue upon the notes.
Prior to February 17, 1958, defendants were in default in a number of weekly payments. Notice by registered mail was sent to them on that date and, the defaults remaining uncured, the deed was recorded on March 14, 1958. No payments of any kind have since been made. This action in ejectment followed.
Under present New York practice, “ there are but two essential allegations to a complaint in ejectment: first, that the plaintiff is seized in fee, for life or for a term of years, or is otherwise entitled to the immediate possession of the described property in litigation; second, that the defendant is in possession thereof and withholds the same from the plaintiff ” (14 Carmody-Wait, New York Practice, p. 178). The complaint in the instant case contains those essential allegations. Destructive of plaintiff’s case, however, is the very proof he has adduced in support thereof, to wit, the written agreement of May 21, 1957, for that proof compels the court to hold that the deed conveying the one-family house in question was intended only as security in the nature of a mortgage (Real Property Law, § 320; cf. Kirby v. Tricker, 265 App. Div. 149) and, consequently, that plaintiff is not, in the language of his complaint, ‘ ‘ seized in fee and entitled to immediate possession ” of said property.
In view of the foregoing, plaintiff’s motion for summary judgment is denied and summary judgment granted in favor of defendants (Rules Civ. Prac., rule 113, subd. 2). This disposition is, of course, without prejudice to plaintiff’s pursuing any other remedy which may be available to him.