EMMA E. NESTELL, Appellant, *v.* CHARLES H. HART et al., Respondents.

Deed — construction and effect of deed executed by wife to trustee to secure amount for which her husband might be liable as executor and trustee of an estate — when such deed should be held to be a mortgage.

Plaintiff's husband, being short in his accounts as executor and trustee of an estate in which defendants were the beneficiaries, executed a conveyance of certain premises to his wife, which it was

claimed was in violation of the rights of defendants. Plaintiff thereupon executed a deed to the attorney for the husband to be held by him in trust to secure any amount that might be due from the husband to defendants. The attorney delivered to defendants a declaration of the trust showing his powers as trustee. Before the proceedings were closed before the surrogate and the amount of the husband's indebtedness ascertained, the trustee conveyed the premises to defendant at a valuation which is not questioned, to apply upon such indebtedness. The wife did not join in the conveyance although it was made with her knowledge and consent. In an action by the wife to obtain an adjudication that she is the owner of the premises, *held,* that the deed made by her is valid and must be construed as a mortgage by which the attorney as her trustee is authorized to pay the defendants the amount that shall be decreed to be due by her husband upon his accounting; that she continued to retain the right of redemption and to be the owner of the equity which may exist after satisfaction of defendants' claim; that the trustee had no power by such a conveyance to deprive the plaintiff of the right to redeem or to have returned to her any surplus that might be left after the payment of the sum not yet ascertained due defendants. *Held,* further, that no question being made that the sum fixed as the value of the premises is their full value, justice may be done between the parties by ordering a modification of the judgment so as to provide that if no sum is found due from the husband to the defendants, the premises be reconveyed by the defendants to the plaintiff and they account for the rents and profits; but if the decree be that a balance is still due and owing from the husband to the defendants, then that so much of the value of the property so fixed, which then remains, together with the rents and profits, be returned to the plaintiff.

*Nestell* v. *Hart,* 137 App. Div. 919, modified.

(Argued May 12, 1911; decided May 30, 1911.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 31, 1910, affirming a judgment in favor of defendants entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Dallas Flannagan, H. Gerald Chapin* and *Cornelius R. Waterbury* for appellant.   The alleged transfer is void under the Statute of Frauds.   (L. 1896, ch. 547, § 242.) When it is once established that a conveyance absolute on its face is in fact a mortgage, then nothing short of a new deed can divest the holder of the so-called equity of redemption of his interest in the property.   (*Odell* v. *Montross,* 68 N. Y. 499; *Rich* v. *Dyer,* 91 App. Div. 240; 180 N. Y. 407; *Conover* v. *Palmer,* 123 App. Div. 817; *Luesenhop* v. *Ensfield,* 184 N. Y. 590.)

*W. H. Van Benschoten* and *Charles H. Edwards* for respondents.   There has been no violation of the Statute of Frauds in the transactions upon which the judgment of the Special Term was based.   (*City of Buffalo* v. *D., L. & W. R. R. Co.,* 190 N. Y. 84; *Hutchins* v. *Van Vechten,* 140 N. Y. 115; *Cook* v. *Barr,* 44 N. Y. 156; *K. L. Ins. Co.* v. *Hill,* 3 Hun, 577; *Corse* v. *Leggett,* 25 Barb. 389; *McArthur* v. *Gordon,* 51 Hun, 511; 126 N. Y. 597; Chaplin on Express Trusts, § 69; Pom. Eq. Juris. § 1007; Story's Eq. Juris. § 972; *New York Dry Dock Co.* v. *Stillman,* 30 N. Y. 174; *Ford* v. *Belmont,* 7 Robt. 97; *Wheeler* v. *Reynolds,* 66 N. Y. 227; *Goldsmith* v. *Goldsmith,* 145 N. Y. 313; *Ahrens* v. *Jones,* 169 N. Y. 555; *Leary* v. *Corwin,* 181 N. Y. 222; *Smith* v. *Balcom,* 124 App. Div. 437; *Gallagher* v. *Gallagher,* 135 App. Div. 457.)   The plaintiff ratified and adopted the act of Mr. Leonard in transferring the property to the defendants.   (*City of Buffalo* v. *D., L. & W. R. R. Co.,* 190 N. Y. 84; *Drakeley* v. *Gregg,* 8 Wall. 242; *Commercial Bank* v. *Warren,* 15 N. Y. 577; *Muir* v. *Greene,* 191 N. Y. 202; *Andrews* v. *Æ. L. Ins. Co.,* 92 N. Y. 596; *Russ* v. *Telfener,* 57 Fed. Rep. 973; *Hillen* v. *Iselin,* 144 N. Y. 365.)

HAIGHT, J.   This action was brought for the purpose of obtaining an adjudication that the plaintiff is the owner in fee of the premises known as 76 West 125th

street, in the city of New York, and that the defendants, who claim title under a deed from William D. Leonard, be directed to convey the premises to the plaintiff and account for the rents received by them.

Joseph B. Hart died in the city of New York on or about the 4th day of December, 1878, leaving a last will and testament, which was duly admitted to probate on the 28th day of December thereafter. He left him surviving Emma S. Hart, his widow, and the defendants, who were his children. In his will he created a trust in favor of his widow during her life, with remainder over to his children, and appointed John Jay Nestell, George W. Hart and Emma S. Hart executors and trustees under his will. John Jay Nestell qualified as such executor, etc., and became the sole manager of the estate. Emma S. Hart, the widow of the testator, died on the 21st day of September, 1907, and thereupon her children, the remaindermen, called upon Nestell for an accounting as to his management of the estate. The plaintiff is the wife of Nestell, and on the 30th day of December, 1907, he conveyed to her the premises in question. After proceedings had been instituted in the Surrogate's Court by the remaindermen for an accounting of Nestell as executor and trustee, an examination of his accounts was had by an accountant, who reported him short in a large amount, and thereupon a claim was made that he had conveyed the real estate in question to his wife in violation of the rights of the remaindermen, and in order to procure an adjournment of the accounting before the Surrogate's Court the plaintiff was induced to execute a deed of the premises which had been conveyed to her by her husband, to his attorney, William D. Leonard, to be held by him in trust for the purpose of securing any amount that might be found due from her husband to the defendants. Thereupon "Leonard executed and delivered to the defendants a declaration of trust to the effect that he had accepted the conveyance above mentioned and held the premises

therein described for the following uses and purposes, viz.:

"*First.* To pay any and all sums which, upon a proper accounting by the said John J. Nestell, as sole surviving executor and trustee under the last will and testament of Joseph B. Hart, deceased, shall be decreed to be due and payable by him to Irene N. Collord, Charles H. Hart, Emma J. Sheridan and such other persons, if any, as by said decree shall be determined and adjudged.

"*Second.* To pay over any balance that may remain after the payments aforesaid to Emma E. Nestell, the grantor named in the said conveyance above mentioned, her executors, administrators or assigns.

"*Third.* For the purpose of carrying out the provisions above mentioned, to sell or dispose of the above-mentioned premises at public auction or private sale as may be deemed most expedient, and to execute and deliver to the purchaser or purchasers thereof, good and sufficient deeds or conveyances for the same, the proceeds thereof to be applied in accordance with the provisions above mentioned."

The proceedings before the surrogate for an accounting were thereupon adjourned from time to time, and subsequently and on or about the 3d day of July, 1908, an agreement in writing was entered into by John Jay Nestell and the defendants, by which he turned over and assigned to them a number of bonds, mortgages and stocks of corporations, of the value of $257,000, to be applied upon his indebtedness to them when the amount should be ascertained, and also agreed to cause to be transferred to them the real estate in question to be valued at $55,000, to also be applied upon such indebtedness, the surplus, if any, to be returned to him; and thereupon Leonard, the plaintiff's trustee, conveyed the premises to the defendants, pursuant to that agreement. The trial court has found that this conveyance was made with the knowledge and consent of the plaintiff. It is

not claimed, however, that she joined in the written contract, or that her consent was in writing. The court further found as a fact that $55,000 was the full value of the premises, and, as conclusions of law, that the deed exe_cuted by the plaintiff to Leonard was a valid conveyance; that the conveyance by Leonard to the defendants was also valid, and was in all respects ratified and confirmed by the plaintiff; that the defendants are entitled to the possession and control of the premises, and to the rents, issues and profits thereof, until such time as there shall be a final determination as to whether or not Nestell is indebted to the defendants by reason of his acts as executor and trustee under the will of Joseph B. Hart, deceased. And if the amount due from him exceeds the value of the premises as fixed by the agreement between him and the defendants, and the other personal property transferred by him to them, the defendants shall be adjudged to be entitled to retain the same as owners in fee, but if it shall be adjudged that any less sum than the total amount of the valuations placed upon the real estate in question and the personal property is due from Nestell, the defendants, on paying to him the difference, shall likewise be entitled to retain the real estate in question as owners in fee.

We are of the opinion that the deed from the plaintiff to Leonard is a valid instrument, and under the findings it cannot now be set aside as void; but it must be construed in connection with the declaration of trust executed by Leonard, and when so construed it becomes in effect a mortgage upon the real estate. Leonard, as her trustee, is authorized to pay the defendants the amount that shall be decreed by the surrogate to be due and owing by her husband upon his accounting as an executor and trustee of Joseph B. Hart, deceased, and to return any balance that may remain after such payment to the plaintiff. The plaintiff, therefore, continued to retain the right of redemption and to be the owner of the equity that should exist after the satisfaction of the defendants' claim. Should

the decree entered upon the accounting fail to show any indebtedness upon the part of Nestell over and above the bonds, mortgages and stock turned over to the estate, then the plaintiff would have the right to have the premises reconveyed to her. But if the decree was for a greater amount than that turned over by Nestell, she would only be entitled to have the premises reconveyed upon paying the amount so found due, or to receive back the surplus, if any, that may remain after a sale and the discharge of such decree. This, we think, is an interest in real property of which she cannot be deprived except by operation of law, or by her deed of conveyance in writing.

By section 242 of the Real Property Law it is provided: "An estate or interest in real property * * * or any trust or power, over or concerning real property, or in any manner relating thereto, cannot be created, granted, assigned, surrendered or declared, unless by act or operation of law, or by deed or conveyance in writing, subscribed by the person creating, granting, assigning, surrendering or declaring the same, or by his lawful agent, thereunto authorized by writing." It has not been found as a fact nor is it claimed by counsel that Nestell or Leonard, the trustee, were ever authorized in writing to convey her interest in the premises to the defendants or to her husband. The most that is found upon the subject is that the contract was made by her husband and the conveyance by Leonard, with her knowledge and consent. This, we think, is not sufficient. Nor do we think it amounts to ratification, for if she could not convey by oral direction, it would hardly amount to ratification. It may be that had she accepted the defendants' offer to pay her an annuity in writing, it would have operated as a ratification. But while she appears to have signed the offer when it was first presented to her, she changed her mind and canceled her signature while it was in the hands of her attorney before it had been delivered, and

consequently it amounted to nothing by way of ratification. Under the deed executed by the plaintiff to Leonard and his declaration of trust, he is given the power to sell or dispose of the real property mentioned, "for the purpose of carrying out the provisions above mentioned," which are, for the purpose of paying any decree that the surrogate may enter against the plaintiff's husband as executor and trustee in favor of the defendants, and to return the balance to her. No decree has ever been entered by the surrogate so far as is disclosed by the record before us. The accounting is still pending before the surrogate. There was, therefore, no necessity for the exercise of his power of sale for the purpose of paying any decree. But it does appear that an accountant had been through the books of the executor and trustee and had found a large sum owing by him, the amount is not stated, and that thereupon the plaintiff's husband had turned over a large amount of securities amounting to upwards of $250,000, to apply upon such indebtedness; and in an agreement then made by him with the defendants, the value of the real estate in question should be fixed at the sum of $55,000, and that it should be conveyed by Leonard to them as security for the payment of any deficiency that may be found due in the final decree of the surrogate.

The trial court found as a fact that $55,000 is the full value of the property. No claim was made upon the argument or in the brief of counsel that this amount was not the full value of the premises. The plaintiff's husband and the defendants were endeavoring to reach a settlement of their differences, but until the final amount had been determined by the decree the defendants desired to have the real estate in question held as security for the payment of any deficiency that may be found. It was under these circumstances that Leonard exercised his power of sale in conveying to the defendants. It may be that had Leonard protected the interest of the plain-

tiff in the premises in making the conveyance, the provision under which the sale was made might possibly be construed as sufficient to authorize the transfer; but he clearly had no power by such a conveyance to deprive the plaintiff of her right to redeem or to have returned to her any surplus that may be left after the discharge of the decree of the surrogate on the final accounting of her husband as executor and trustee. The defendants had before them the declaration of trust. It or a copy had been delivered to them, as appears by the findings. They, therefore, were chargeable with knowledge as to the powers of Leonard as trustee. Ordinarily in finding errors of the character disclosed herein, we should order a reversal and a new trial. But in view of the fact that no question has been made that $55,000 was not the full value of the premises, we incline to the view that justice may be done between the parties by ordering a modification of the judgment so as to provide that if no indebtedness is found owing by Nestell to the defendants, the premises be reconveyed by the defendants to the plaintiff and they account for the rents and profits. But if the decree be that a balance is still due and owing from Nestell to the defendants, then that the balance of the $55,000 remaining after paying such decree, together with the rents and profits, be returned to the plaintiff, and as so modified affirmed, without costs of this appeal to either party.

Cullen, Ch. J., Werner, Willard Bartlett, Hiscock, Chase and Collin, JJ. concur.

Judgment accordingly.