JOSEPH B. THOMPSON, Appellant, *v.* GEORGE LESTER LEWIS and WILLIAM B. PUTNEY, JR., Respondents, Impleaded with LEVERETT J. LUCE, as Administrator with the Will Annexed of PHŒBE MACKINNON, Deceased, Substituted for LILLIAN T. CLARKE, as Sole Surviving Executrix, etc., of Said PHŒBE MACKINNON, Deceased, and KENNETH B. CLARKE, as Executor, etc., of LILLIAN T. CLARKE, Deceased, Substituted Herein for Said LILLIAN T. CLARKE, Now Deceased, Appellants.

Second Department, March 8, 1918.

Mortgage — equitable mortgage — absolute deed to secure payment of debt with collateral agreement of grantees to reconvey — equity — " once a mortgage, always a mortgage " — agreement that conveyance shall become absolute is void — erroneous limitation of mortgagor's right to redeem — enforcements of rights of mortgagee.

Where the owner of an undivided half of real estate, being indebted to the estate of a decedent, conveyed her interest by a deed absolute upon its face to certain persons as joint tenants and at the same time the grantees executed and delivered to their grantor an instrument which recited the conveyance and the indebtedness of the . plaintiff and which declared that the grantees held title in trust until a certain date in order to give the grantor an opportunity to pay the debt and thereupon agreed to reconvey the premises or to co-operate with the grantor in effecting a sale thereof upon the payment of the indebtedness and to convey the property to the purchaser, the transaction constituted a mortgage, not a conveyance, even though it was provided that if the grantor did not pay the debt by the time set the grantees would convey to the executor of the estate " absolutely and in fee " at a certain valuation and that the grantor should remain liable for a stated deficiency.

Under the circumstances there was not a conveyance with an option to repurchase, for the debt existed unimpaired by the conveyance.

Under the law of this State a mortgagee takes no estate in the land, but only a lien which is personal property.

The grantor being in equity a mortgagor remained the owner of the legal estate and his grantees had a lien or personal interest only.

The above rules hold although the deed was not made to the creditor direct but to her representatives.

It is not competent for a mortgagee to make any agreement as part of the mortgage transaction which will prevent a court of equity from recognizing and enforcing his right to redeem, for the maxim " once a mortgage, always a mortgage," still obtains.

Where after default in payment said mortgagor sues to enforce his equity of redemption it was error for the court to limit the right to redeem to thirty days after judgment, for the right of redemption can only be foreclosed by civil action or by advertisement.

CROSS-APPEALS by the plaintiff, Joseph B. Thompson, and by the defendants, Leverett J. Luce, as administrator, and another, from a judgment of the Supreme Court in favor of the respondents, entered in the office of the clerk of the county of Westchester on the 12th day of July, 1917, upon the decision of the court after a trial at the Westchester Special Term.

On the 27th of July, 1914, the plaintiff, being the owner of an undivided one-half part of about thirty-two acres of land in Westchester county and being indebted to Lillian T. Clarke, as executrix of the last will and testament of Phœbe MacKinnon, deceased, in the sum of $9,213.82, with an additional sum of $706 interest thereon, conveyed the said premises by a deed absolute on its face to the defendants George Lester Lewis and William B. Putney, Jr., as joint tenants and not as tenants in common. As part of the same transaction, the defendant grantees executed and delivered to plaintiff an instrument which recited the conveyance and the indebtedness of plaintiff to the said Lillian T. Clarke, as executrix aforesaid, and certified and declared that the said defendants held the title to said premises in trust to hold the same until November 1, 1914, to give the plaintiff opportunity to pay the amount of his debt and thereupon to reconvey the premises to him; to co-operate with plaintiff in effecting a sale of the property and, upon payment of the indebtedness being made, to convey the property to the purchaser. The instrument gives to plaintiff the privilege of making installment payments, and provided that in the event the indebtedness to the said Lillian T. Clarke, as executrix, should not be fully paid with interest on or before November 1, 1914, the defendants Lewis and Putney, Jr., should convey the premises to said Lillian T. Clarke, as executrix, " absolutely and in fee " at a valuation of $6,000, and that plaintiff should remain liable for the difference between the sum of $6,000 and the said sum of $9,213.82 and interest. The instrument provided that until November 1, 1914, the plaintiff should

Second Department, March, 1918.          [Vol. 182.

continue in possession and nothing should be done to affect the title to said premises except recording the deed. The indebtedness was not paid, and thereafter, on January 2, 1915, the defendants Lewis and Putney, Jr., executed, recorded and delivered to Lillian T. Clarke, as executrix of Phœbe MacKinnon, deceased, a full covenant warranty deed, which in form conveyed and assured to said Clarke the said premises.

On the 8th of April, 1916, the plaintiff brought this action, asking a judgment that the deed be declared to be a mortgage. Pending the action Lillian T. Clarke died, and Leverett J. Luce having been appointed administrator with the will annexed of said Phœbe MacKinnon, and Kenneth B. Clarke having been appointed executor of the last 'will and testament of Lillian T. Clarke, deceased, they were substituted as defendants. The parties stipulated that said Lillian T. Clarke, deceased, had expended additional sums in the maintenance, upkeep and preservation of the property, which, with the said sum of $9,213.82 and interest, amounted to $17,476.30, and that if the deed were declared a mortgage it should be security for the payment of that sum with interest from the 1st of March, 1917.

Judgment was granted declaring the deed a mortgage, giving plaintiff thirty days in which to redeem the same, and providing that if plaintiff should not redeem within that time his complaint should be dismissed on the merits and his equity of redemption thereby forever barred and foreclosed.

The defendants Luce and Clarke appeal from the whole of said judgment, and the plaintiff from that portion which limits his time to redeem and forecloses his right in default of such redemption.

*Eben H. P. Squire,* for the plaintiff.

*George W. Alger* [*Richard Steel* with him on the brief], for the defendants, appellants.

BLACKMAR, J.:

The conveyance from plaintiff to the defendants Lewis and Putney, Jr., was a mortgage. It was given to secure the payment of plaintiff's debt to Lillian T. Clarke, since deceased. The defeasance was expressed in the collateral so-called declaration of trust, which gave to plaintiff the right to

redeem. It was not a conveyance with an option of repurchase, for the debt existed unimpaired by the conveyance. There is nothing in the facts to take it out of the rule so often asserted by the courts and so clearly and cogently stated by Judge VANN in *Mooney* v. *Byrne* (163 N. Y. 86). (See, also, Real Prop. Law [Consol. Laws, chap. 50; Laws of 1909, chap. 52], § 320.) Under the law of this State, a mortgagee takes no estate in the land, but a lien only, which is personal property. (*Trimm* v. *Marsh,* 54 N. Y. 599.)

The plaintiff, therefore, remained the owner of the legal estate, and the defendants Lewis and Putney, Jr., had a lien or personal interest only. The fact that the deed was not made to the creditor direct, but to her representatives Lewis and Putney, Jr., makes no difference. As it was made to secure the debt, it is none the less a mortgage. (*Nestell* v. *Hart,* 202 N. Y. 280.) And it is not competent for the mortgagor to make any agreement as part of the mortgage transaction which will prevent a court of equity from recognizing and enforcing his right to redeem. (*Mooney* v. *Byrne,* 163 N. Y. 86.) The personal lien of a mortgage cannot be changed into a legal estate by any agreement that such result shall follow default in payment of the debt. So the conveyance by the defendants Lewis and Putney, Jr., as the learned justice properly held, operated solely as an assignment of a mortgage.

But I think the court erred in limiting the plaintiff's right to redeem to thirty days after signing the judgment. The right of redemption can be foreclosed only in the way provided by law, *i. e.,* either by civil action or by advertisement. It has been seen that the agreement to limit the right to redeem to November 1, 1914, is void; but all the court has done by its judgment is to fix a new and later date for the expiration of the right to redeem. The court has practically decreed strict foreclosure in favor of defendants; but this cannot be done. (*Moulton* v. *Cornish,* 138 N. Y. 133.)

The learned justice thought this course justified by the judgment in *Nestell* v. *Hart* (202 N. Y. 280). But I think that case, although very like this in its facts, may be distinguished. In the *Nestell* case the court expressly points out that the land was conveyed at its full value, $55,000,

and that justice might be done by leaving the title in defendant, whereas in the instant case there is no finding nor evidence that $6,000 was the value of the property on November 1, 1914. I cannot bring myself to think that the *Nestell* case has destroyed the maxim " once a mortgage, always a mortgage," or the doctrine that an equity of redemption cannot be foreclosed otherwise than by action or advertisement according to law.

The judgment should be modified by reversing and eliminating therefrom the provision limiting the plaintiff's right to redeem the real property to a period of thirty days from the date of signing the judgment, and providing that, on failure so to redeem, the plaintiff's complaint be dismissed on the merits, and plaintiff and all persons claiming under him be forever barred and foreclosed of their equity of redemption; and as so modified affirmed, with costs to the plaintiff against the defendants Luce and Clarke in their representative capacities.

JENKS, P. J., RICH, PUTNAM and KELLY, JJ., concurred.

Judgment modified in accordance with opinion, and as so modified affirmed, with costs to plaintiff against the defendants Luce and Clarke in their representative capacities.