CATHERINE J. DAVIS, Respondent, *v.* EMMA L. DUNNET et al., Appellants.

**Real property — mortgage — power of attorney — conveyance of real property or interest therein must be subscribed by grantor or his lawful agent thereunto authorized by writing — when mortgage executed by agent not authorized by terms of power of attorney.**

An estate or interest in real property, except a lease for a year or less, cannot be created, granted or transferred unless by operation of law, or by deed or conveyance in writing subscribed by the grantor " or by his lawful agent thereunto authorized by writing " (Real Prop. Law [Cons. Laws, ch. 50], § 242). A mortgage is a conveyance of an interest in real property within the meaning of the statute, and where a general power of attorney executed by a wife to her husband neither expressly nor by implication authorizes such attorney to convey real property or any interest therein, a mortgage on real property of the wife executed by such agent was not executed by her as required by the statute and, therefore, was not her mortgage.

*Davis* v. *Dunnet*, 209 App. Div. 835, reversed.

(Argued December 18, 1924; decided January 21, 1925.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered May 28, 1924, affirming a judgment in favor of plaintiff entered upon a decision of the Kings County Court on trial without a jury.

*Abner C. Surpless* for appellants. Plaintiff's Exhibit 1, designated as " power of attorney," did not confer authority on Robert H. Dunnet to execute a mortgage on real estate owned by defendant Emma L. Dunnet. (*Matter of Milstein* v. *Mosher*, 126 App. Div. 518; *Nestell* v. *Hart*, 202 N. Y. 286; *Rossiter* v. *Rossiter*, 8 Wend. 494; *Lesem* v. *Mutual Life Ins. Co.*, 164 App. Div. 511; *Macher* v. *Gruber*, 111 Misc. Rep. 235.) Plaintiff's Exhibit 1, designated as " power of attorney," did not confer.

authority on Robert H. Dunnet to execute a bond in the name of, and binding on, Emma L. Dunnet. (*Craighead* v. *Peterson*, 72 N. Y. 283.)

*John M. Wilson, Joseph J. Schwartz* and *Max N. Koven* for respondent. The defendant Emma L. Dunnet is bound by the bond and mortgage executed for her by her attorney in fact, who was authorized to do so by the written power of attorney. (*Parker* v. *Bd. of Supervisors*, 106 N. Y. 421; *Blanchard* v. *Blanchard*, 4 Hun, 287; 70 N. Y. 615; *Freeborn* v. *Wagner*, 49 Barb. 43; *Hegeman* v. *Moon*, 131 N. Y. 462; *Rogers* v. *Kneeland*, 10 Wend. 219; *Kroll* · v. *Oriental Nav. Co.*, 178 N. Y. Supp. 250; *Howland* v. *Ayers*, 4 How. Pr. 223; *Matter of Kellogg*, 187 N. Y. 355; *Van Zandt* v. *Furlong*, 18 N. Y. Supp. 54; *Keyes* v. *Met. Trust Co.*, 220 N. Y. 237; *Schley* v. *Fryer*, 100 N. Y. 71; *Aniwater* v. *Koll*, 79 Wash. 179.)

POUND, J. This is an action to foreclose a mortgage given to secure a bond. The mortgage covers premises in the borough of Brooklyn owned by defendant Emma L. Dunnet. It was executed by her, " by Robert H. Dunnet, attorney in fact." She denies that Robert H. Dunnet was her lawful agent, duly authorized by her to execute the mortgage.

Real Property Law [Cons. Laws, ch. 50] (§ 242) reads as follows:

" When written conveyance necessary.— An estate or interest in real property, other than a lease for a term not exceeding one year, or any trust or power, over or concerning real property, or in any manner relating thereto, cannot be created, granted, assigned, surrendered or declared, unless by act or operation of law, or by a · deed or conveyance in writing, subscribed by the person creating, granting, assigning, surrendering or declaring the ·same, *or by his lawful agent, thereunto authorized by writing.* * * * " A mortgage is a conveyance of an

interest in real property within the meaning of the section. (*Sleeth* v. *Sampson*, 237 N. Y. 69.)

The power of attorney executed by Emma L. Dunnet reads as follows:

" POWER OF ATTORNEY

" *Know all Men by these Presents*, that Emma L. Dunnet, have made, constituted and appointed, and by these presents do make, constitute and appoint Robert H. Dunnet, her true and lawful attorney for my and in my name, place and stead giving and granting unto the said attorney full power and authority to .do and perform all and every act and thing whatsoever requisite and necessary to be done in and about the premises as fully to all intents and purposes, as she might or could do if personally present, with full power of substitution and revocation, hereby ratifying and confirming all that the said attorney or substitute shall lawfully do or cause to be done by virtue hereof.

" *In Witness Whereof*, I have hereunto set my hand and seal the sixth day of June in the year one thousand nine hundred and twenty. "EMMA L. DUNNET."

The Statute of Frauds as cited requires not only that the conveyance be in writing, but also that the power of attorney be in writing. A power of attorney to convey real estate is an instrument of title. Either expressly or by necessary implication it should state the authority of the agent without leaving it to be established by parol, inferred from coincidences or based on speculation. Real Property Law, section 242, is for the protection of the public. It is not merely a matter between principal and attorney. The deed and the agent's authority are instruments of equal dignity. The language of the so-called power of attorney herein confers no authotriy on Robert H. Dunnet. It lacks an operative clause. It is not a general power of attorney; he is authorized to act only " in and about the premises." It is not a

special power of attorney; no premises or things to be done appear on the face of the instrument. The document states nothing to which the grant of powers can be related. Drawn, as it would seem, on the usual blank form of special power of attorney, it omits after the words " for me and in my name, place and stead " the usual statement of specific acts authorized.

It has been found that the mortgage was executed by Robert as agent for Emma, with her knowledge and consent and at her request and that she received the proceeds of the bond and mortgage. But the evidence does not support these findings. In order that the chain of title may be complete, properly evidenced to third parties and not dependent on the acts and words of the parties *dehors* the written instruments, the mortgage must rest on a written authorization of the agent. (*Nestell* v. *Hart*, 202 N. Y. 280, 286; *Keyes* v. *Metropolitan Trust Co. of N. Y.*, 220 N. Y. 237, 242.) The finding that Robert was duly authorized by her to execute and deliver the bond and mortgage depends on the so-called power of attorney only. Defendant did not execute the mortgage as required by Real Property Law, section 242. It was not her mortgage. Plaintiff may be able to raise an equity, but she has not sought to do so in this action.

The judgments should be reversed and the complaint dismissed, with costs in all courts.

Hiscock, Ch. J., Cardozo, Crane, Andrews and Lehman, JJ., concur; McLaughlin, J., absent.

Judgments reversed, etc.