In the Matter of the Estate of OWEN J. MALONE, Deceased.

Surrogate's Court, Albany County, September 13, 1926.

Executors and administrators — discovery proceeding — application by administrator for decree compelling decedent's daughter to turn over assets — property consisted of house wherein decedent died and automobile — evidence shows decedent, during illness, but not in contemplation of death, permitted his daughter to purchase house in her own name under executory contract of sale and furnished initial payment — decedent was dissatisfied with house after taking possession, but was unsuccessful in effecting resale thereof — three days before death decedent gave daughter specific power of attorney to draw funds from his bank accounts — application by daughter of $2,300 to obtain title to house unauthorized where evidence shows daughter knew decedent had attempted to avoid taking title thereto — power of attorney limited daughter to withdrawal of funds for current house expenses — decedent's estate obligated to advance funds to complete purchase of house — Surrogate's Court Act, §§ 40 and 206, gives Surrogate's Court power to make provision for decree directing imposition of lien upon property for $2,300 up to time of final judicial settlement — evidence insufficient to sustain gift of automobile to daughter.

Upon an application by the administrator herein for a decree compelling decedent's daughter to turn over to said administrator certain property as part of the assets of decedent's estate, including the house in which decedent died and his automobile, which said daughter claims were transferred to her prior to

decedent's death, a decree may be entered imposing upon the house a lien in the sum of $2,300 up to the time of the final judicial settlement of said administrator's accounts, whereupon if the estate is sufficient to pay this obligation said lien may be discharged, where it appears that during decedent's last illness he permitted his daughter to purchase said house in her own name under an executory contract of sale, and furnished her with an initial payment thereon; that after taking possession of the house, decedent was dissatisfied and unsuccessfully attempted to dispose of the property or to effect the release of his daughter from the contract; and that said daughter, three days before her father's death and after obtaining from him a specific power of attorney to draw funds from his bank accounts, withdrew in addition to other sums the sum of $2,300 from said bank accounts, and made the final payment on the contract for the sale of the house and caused the title of the premises to be transferred to her, since the evidence is clear that decedent believed that he would recover, and that it was his intention to limit the power of attorney given his daughter to a withdrawal of the funds to meet current household expenses, and consequently the application by said daughter of the $2,300 upon the contract of sale was unauthorized, particularly where she had knowledge that her father had impliedly, at least, attempted to avoid, if possible, taking title to the premises.

However, decedent or his estate was obligated to complete the purchase for said daughter, inasmuch as he was unable to secure her release from the contract of sale up to the time of his death and, therefore, his estate became obligated to advance the funds necessary to complete the purchase of the property for his daughter.

The assumption of the obligation by the daughter to purchase the property was a sufficient consideration for the implied promise of decedent to pay the money required to be paid by the contract of sale.

The Surrogate's Court, under sections 40 and 206 of the Surrogate's Court Act, possesses equitable power sufficient to enable it to make provision by decree for a situation of this character.

While some evidence has been received which under a decidedly favorable construction might sustain the gift of decedent's automobile to his daughter, on all the facts it must be concluded that decedent's real intention was to permit her to have the automobile only for her use because of his illness.

DISCOVERY proceeding pursuant to the provisions of section 205 of the Surrogate's Court Act.

*Reilly & Yaras*, for the petitioner Charles E. Brennan, as administrator, etc.

*Francis Pedlow*, respondent, in person.

*Francis Pedlow* [*Earl Barkhuff* of counsel], for the respondent Marguerite E. Malone.

LAWYER, S.   The petitioner, Charles E. Brennan, as administrator, alleges that certain personal property belonging to Owen J. Malone at the time of his death came into the possession of decedent's daughter, Marguerite E. Malone, and Francis Pedlow, under circumstances unknown to the petitioner.   By these pro-

19

Surrogate's Court, Albany County, September, 1926.        [Vol. 128

ceedings it is sought to obtain discovery of this property and a decree that it be turned over to the administrator as a part of the assets of the estate.

In behalf of Marguerite E. Malone it is claimed that all the property in question was transferred by Owen J. Malone, prior to his death, either to herself or to others, and that the property is no part of the estate.

After careful consideration of the evidence and all the facts and circumstances, I have come to the conclusion that there are but two alleged transfers of property, namely, that of premises No. 3 Freeman road, Albany, N. Y., and that of a Buick automobile, which involve substantial questions. .

During illness which culminated in his death, Owen J. Malone permitted his daughter Marguerite E. Malone to select a new dwelling house for his family and to purchase the same in her own name, under an executory contract of sale. She selected premises known as No. 3 Freeman road in the city of Albany. Mr. Malone furnished the initial payment of $1,500. Under the terms of the contract, the final cash payment of $2,300 was to be made and title passed on July 25, 1925.

About three days before the death of Mr. Malone, which occurred on July 19, 1925, he executed a power of attorney specifically giving his daughter Marguerite E. Malone the right to draw money from his bank accounts. Thereafter and on the 17th day of July, 1925, Marguerite E. Malone, under the power of attorney, withdrew from the bank accounts of decedent the sum of $2,300, the money to make the final payment on the contract, in addition to other sums, and caused the title of the premises to be transferred to her.

In consideration of all the circumstances, it appears that it was the intention of Mr. Malone to make over property to his daughter for the purpose of establishing a home for the family. The family consisted of decedent's daughter Marguerite, who was twenty-two or twenty-three years of age, and two infant children. The daughter Marguerite managed the household. While decedent was ill at the time of the purchase of No. 3 Freeman road, the credible evidence shows that he did not realize the seriousness of his condition nor contemplate death as a result of the disease from which he was suffering.

Although at times discouraged and despondent, he appears to have believed that he would recover. He did not intend to make a complete disposition of his property in contemplation of death, but simply was establishing a home of a character and in a location which would please his daughter Marguerite, intending that it

should belong to her, having confidence that such arrangement would best serve the interests of the family, in view of his infant children, his state of health and his possible long disability.

After the execution of the contract of purchase of premises No. 3 Freeman road, Mr. Malone and family moved there. Mr. Malone, however, was soon dissatisfied with the property and endeavored to dispose of it or secure the release of his daughter from the contract. From the credible evidence in the case, his attitude as to this matter did not change up to the time of his decease.

While he gave his daughter Marguerite a power of attorney, authorizing her to draw moneys from the bank accounts, I find that he did not authorize her to complete the purchase of the Freeman road property.

The purpose of the power of attorney was to procure funds with which to meet current expenses. As between Mr. Malone and his daughter, therefore, I conclude that the payment of the balance of the purchase price of the property and the taking of title thereto on July seventeenth were unauthorized. The power of attorney did not empower the daughter to do that which her father had, impliedly at least, attempted to avoid, if possible, to her knowledge. (*Davis* v. *Dunnet*, 239 N. Y. 338; *Keyes* v. *Metropolitan Trust Co.*, 220 id. 237.)

Nevertheless, Mr. Malone or his estate was obligated to complete the purchase for the daughter, Marguerite, as he was unable to get rid of the agreement to purchase up to the time of his death. The assumption of the obligation by the daughter to purchase the Freeman road property was a sufficient consideration for the implied promise of Mr. Malone to pay the money required to be paid by the contract of sale. (*Berry* v. *Graddy*, 1 Metc. [Ky.] 553; *Scott* v. *Osborne*, 2 Munf. [16 Va.] 413.)

These mutual promises constituted a contract binding on Mr. Malone and his personal representatives.

As a matter of law, therefore, I conclude that Mr. Malone's estate was obligated to advance the funds necessary to complete the purchase of the Freeman road property for the daughter, but that the payment of the $2,300 by the daughter was unauthorized. It may be that such payment may ultimately stand.

This court now possesses equitable powers sufficient to enable it to make provision by decree for this situation. (Surrogate's Court Act, §§ 40, 206.)

A lien may be imposed upon the property in question for the sum of $2,300 up to the time of the final judicial settlement of the administrator's account, whereupon, if the estate is sufficient to pay this obligation, the lien may be discharged.

One witness testified that the Freeman road property was put in the daughter's name simply to enable Mr. Malone to dispense with the liability insurance which he carried against accident in the use of his automobile. This reason was advanced by Mr. Malone, probably, to give some explanation of the transaction to his relatives. Otherwise, I do not attach to it any significance.

In relation to the automobile, some evidence has been introduced, which, under a very favorable construction, might sustain a gift. Upon all the facts, however, I conclude that the real intention of Mr. Malone was indicated and expressed in his conversation with Mrs. Merchant to the effect that he had turned the car over to his daughter for her use because of his illness.

As to all the other items title to which is in controversy, the evidence on behalf of the respondent is insufficient to establish transfers by the decedent.

All the property, except the premises No. 3 Freeman road, should be turned over to the administrator.

Provision may be made in the decree to secure the repayment of the sum of $2,300 out of the property, if this becomes necessary.

Decreed accordingly.